

# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS

219 S. Dearborn Street

Chicago, IL 60604

**Kenneth S. Gardner,** Bankruptcy Clerk

Date _____ June 2, 2008 _____

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

# FILED
**NF,**

JUN 0 2 2008

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

Case Number _____ 02 B 48191 _____

Case Name _____ UAL Corporation _____

Notice of Appeal Filed _____ 4/23/08 _____

Appellant _____ E.G.Southworth _____

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal. The Record on Appeal consist of:

| | | | |
|---|---|---|---|
| ✓ | Transmittal Letter and Civil Cover Sheet | ✓ | Notice of Appeal |
| | Designation and Statement of Issues | ✓ | Copy of Documents Designated |
| | Transcript of Proceeding | | Exhibits |
| | In Forma Pauperis | | Expedited Notice of Appeal |

Additional Items Included

☑ Copy of Docket VIA E-Mail

08CV3149
JUDGE DARRAH
MAGISTRATE JUDGE LEVIN

☐     Total Volumes Transmitted

The following items will be transmitted as a supplemental to the Record on Appeal

☐ _____

Previous D C Judge _____ Darrah/Levin _____     Case Number _____ 03 c 2232 _____

By Deputy Clerk _____

Revised 03/26/04ej

# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS

219 S Dearbom

Chicago, IL 60604

**Kenneth S. Gardner**, Bankruptcy Clerk

To:

E.G. Southworth



JUN 0 2 2008    NF

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| Date | May 6, 2008 |
| Case Number | 02 B 48191 |
| Case Name | UAL Corporation, etal |
| Bankruptcy Judge | Eugene R. Wedoff |
| Notice of Appeal/Cross Appeal Filed | 4/23/2008 |
| Appellant/Cross Appellant | |
| Designation Due Date | May 5, 2008 |
| Date of Telephone Contact | |

Dear Sir/Madam:

Pursuant to our phone conversation, please be advised, the Bankruptcy Court has received your **Notice of Appeal.**

[✓] Designation of the Record on Appeal, Statement of Issues, and Record*

*The period provided by Bankruptcy Rule 8006 has elapsed and the Notice of Appeal will be transmitted to the District Court on: 6/2/2008

[ ] The filing fee of $255 must be paid.

[ ] Request For Copying Service

[ ] Other

## 08CV3149
## JUDGE DARRAH
## MAGISTRATE JUDGE LEVIN

cc:    Bankruptcy Judge & Attorney of Record


# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois
### Eastern Division

# *Notice of Deficient Filing*

Case Number: 02-48191

Case Name: UAL

Document Title (if needed): Notice of Appeal

**Please be advised that the attached or above described case or document was accepted for filing in a deficient form on:** 4/3/08 . The filing was deficient for the following reason(s):

date

_____ **Insufficient Copies**

✓ **Required fee did not accompany filing**

_____ **Documents were not signed**

_____ **Over 500 creditors, no magnetic tape**

_____ **Venue may be deemed improper**

_____ **Missing required documents (list documents)**

Please submit $255 fee as soon

as possible.

_____ Other:_____

_____

**Deputy Clerk**

## IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
APR # # 2008
KENNETH S. GARDNER, CLERK
PS REP. - EG

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAL CORPORATION, et al., (UAL) | ) | Case No. 02 B 48191 |
| | ) | Priority Claim Number 44704 |
| Appellee/Reorganized Debtors. | ) | Claim Date: 10/05/05 |
| | ) | Claim Total: $321,302.15 [recalculated] |
| | ) | |
| 02-48191 – 349835 – Omn52 - 4 | ) | Honorable Eugene R. Wedoff |
| SOUTHWORTH, EDWARD G. (EGS) | ) | |
| 380 FORT PICKENS RD | ) | Date of Order:          04/09/08 |
| PENSACOLA BEACH, FL 32561-2012 | ) | |
| 850-572-0853 | ) | Date of PRAECIPE:       04/17/08 |
| | ) | |
| Appellant/Claimant/Participant | ) | Date of Docketing Statement:  04/17/08 |

### NOTICE OF APPEAL

Appellant, Edward G. Southworth (EGS/Claimant/ Participant), hereby timely elects, pursuant to
~~SEPARATELY ENCLOSED~~
28 U.S.C. 158 (c)(1)(A), to appeal this Court's ~~attached~~ ORDER to the United States Bankruptcy

Appellate Panel for the Eighth Circuit,

$255.00 Appeal and Docketing fee total is enclosed.

E. G. Southworth
Pro se

### Served 04/17/08 by regular (*certified) USPO mail to:

*Clerk of the Bankruptcy Court (Attention Judge Eugene R. Wedoff), 219 Dearborn Street, Room 710,
  Chicago, IL 60604
*Counsel to Reorganized Debtors, Kirkland & Ellis (Attn: James H. M. Sprayregan, P.C.,
  Marc Kieselstein, P.C. and David Seligman and Erik Chalut), 200 East Randolph Drive,
  Suite 6500, Chicago, IL 60601
Counsel to the Reorganized Debtors' debtor in possession lender (CIT Group): Schulte, Roth & Zabel
  (Attn: Robert J. Mrofka), 919 Third Avenue, New York, NY 10022
Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP
  Morgan): Morgan, Lewis & Bockius, LLP (Attn: Richard S. Toder and Jay Teitelbaum),
  101 Park Avenue, New York, NY 10178
Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP
  Morgan): Kaye Scholer, LLP (Attn: Michael B. Solow), 3 First National Plaza, Suite 4100,
  70 West Madison Street, Chicago, IL 60602

Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (General Electric
      Capital Corporation): Weil, Gotshal & Manges, LLP (Attn: Richard P. Krasnow and
      Scott E. Cohen), 767 Fifth Avenue, New York, NY 10153

IRS, Atlanta Service Center, Atlanta, GA 39901-0025

Julie Ann McKenzie, 206 Vista Circle, North Olmsted, OH 44070

Office of the United States Trustee (Attn: Stephen Wolfe), 227 West Monroe Street, Suite 3350,
      Chicago, IL 60606

Official Notice and Claims Agent: Poorman-Douglas Corporation (Attn: Tina Wheelon),
      10300 SW Allen Boulevard, Beaverton, OR 97005

PBGC, POB 151750, Alexandria, VA 22315-1750

Reorganized Debtors: United Air Lines, Inc., WHQLD (Attn: John Lakosil), 1200 East Algonquin Road,
      Elk Grove, IL 60007

Representative Jeff Miller (R-FL), 324 Cannon House Office Building, Washington, DC 20515

Senator Mel Martinez (R-FL), 317 Hart Senate Office Building, Washington, DC 20510

Senator Bill Nelson (D-FL), 716 Hart Senate Office Building, Washington, DC 20510

UAL PDAP Representative (Russell), 100 Half Day Road, POB 1476, Lincolnshire, IL 60069-1476

United States Attorney General (USAG), 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

United States Department of Labor, Employee Benefits Security Administration (DOL),
      200 Constitution Avenue, N. E. – Suite N-5702, Washington, DC 20210

E. G. Southworth

DOCKETING STATEMENT

# IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                                          )        Chapter 11
                                                )
UAL CORPORATION, et al.,          (UAL)         )        Case No. 02 B 48191
                                                )        Priority Claim Number 44704
         Appellee/Reorganized Debtors,          )        Claim Date: 10/05/05
                                                )        Claim Total: $321,302.15 [recalculated]
                                                )
02-48191 – 349835 – Omn52 - 4                   )        Honorable Eugene R. Wedoff
SOUTHWORTH, EDWARD G.            (EGS)           )
380 FORT PICKENS RD                             )        Date of Order:        04/09/08
PENSACOLA BEACH, FL 32561-2012                  )
850-572-0853                                    )        Date of Appeal:       04/17/08
                                                )
         Appellant/Claimant/Participant         )        Date of Praecipe:     04/17/08

### DOCKETING STATEMENT

This Appeal should be assigned to the regular calendar by Federal Rules of Appellate Procedure,
in accordance with local rules/Appeal/Praecipe and limited to a written brief, response and reply.

Previous attempts to correct UAL's failure to value and segregate a 03/28/00, QDRO directed,
ERISA mandated, Alternate Payee, PDAP account were obviated by UAL's Omnibus Objections.

Judge Wedoff's O4/09/08 ORDER substantially and without representation affects the rights and
obligations of the non-core group of addressees herein served.

Judge Wedoff's 04/09/08 ORDER affirmed subject claim. What remains is an appeal of the
amount of the remedy, based on the anticipated ASSIGNMENTS OF ERROR to be raised:

    A.  THE COURT ERRED IN FAILING TO CONSIDER ARGUMENTS WHICH
        WERE TIMELY SUBMITTED, NOT DOCKETED AND RESUBMITTED AS
        ATTACHMENTS 1-4 BY PRAECIPE OF THIS DATE.

    B.  THE COURT ERRED IN FAILING TO USE APPELLANT'S APPLICATION OF
        ITS OWN DIRECTED PDAP RECALCULATION.

    C.  THE COURT ERRED IN ACCEPTING APPELLEE'S RELIANCE ON A BOGUS
        SETTLEMENT AGREEMENT* LIMITED AMOUNT.

D.  THE COURT ERRED IN PUBLISHING AN ORDER WHICH NEGATIVELY

AFFECTS THE NON-CORE GROUP OF ADDRESSES RETROACTIVELY AND

WITHOUT OPPORTUNITY TO SEEK COUNSEL.

E.  THE COURT ERRED IN ACCEPTING APPELLEE'S UNILATERAL AND SELF-

SERVING REDEFINITION OF APPELLANT'S "PRIORITY" CLAIM TO

"UNSECURED".

F.  THE COURT ERRED IN NOT ALLOWING 10% INTEREST APPRECIATION

ON THE REMEDY OVER THE APPELLANT'S FIVE (5) YEARS OF LOST USE.

> *Should the settlement agreement be found otherwise valid, application of
> Article VI [2] of the U. S. Constitution (Supremacy of Federal laws over those
> contrary) proves the same error.

E.G. Southworth
Pro se

## Served 04/17/08 by regular (*certified) USPO mail to:

*Clerk of the Bankruptcy Court (Attention Judge Eugene R. Wedoff), 219 Dearborn Street, Room 710,
   Chicago, IL 60604
*Counsel to Reorganized Debtors, Kirkland & Ellis (Attn: James H. M. Sprayregan, P.C.,
   Marc Kieselstein, P.C. and David Seligman and Erik Chalut), 200 East Randolph Drive,
   Suite 6500, Chicago, IL 60601
Counsel to the Reorganized Debtors' debtor in possession lender (CIT Group): Schulte, Roth & Zabel
   (Attn: Robert J. Mrofka), 919 Third Avenue, New York, NY 10022
Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP
   Morgan): Morgan, Lewis & Bockius, LLP (Attn: Richard S. Toder and Jay Teitelbaum),
   101 Park Avenue, New York, NY 10178
Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP
   Morgan): Kaye Scholer, LLP (Attn: Michael B. Solow), 3 First National Plaza, Suite 4100,
   70 West Madison Street, Chicago, IL 60602
Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (General Electric
   Capital Corporation): Weil, Gotshal & Manges, LLP (Attn: Richard P. Krasnow and
   Scott E. Cohen), 767 Fifth Avenue, New York, NY 10153
IRS, Atlanta Service Center, Atlanta, GA 39901-0025
Julie Ann McKenzie, 206 Vista Circle, North Olmsted, OH 44070
Office of the United States Trustee (Attn: Stephen Wolfe), 227 West Monroe Street, Suite 3350,
   Chicago, IL 60606
Official Notice and Claims Agent: Poorman-Douglas Corporation (Attn: Tina Wheelon),
   10300 SW Allen Boulevard, Beaverton, OR 97005

PBGC, POB 151750, Alexandria, VA 22315-1750
Reorganized Debtors: United Air Lines, Inc., WHQLD (Attn: John Lakosil), 1200 East Algonquin Road,
      Elk Grove, IL 60007
Representative Jeff Miller (R-FL), 324 Cannon House Office Building, Washington, DC 20515
Senator Mel Martinez (R-FL), 317 Hart Senate Office Building, Washington, DC 20510
Senator Bill Nelson (D-FL), 716 Hart Senate Office Building, Washington, DC 20510
UAL PDAP Representative (Russell), 100 Half Day Road, POB 1476, Lincolnshire, IL 60069-1476
United States Attorney General (USAG), 950 Pennsylvania Avenue NW, Washington, DC 20530-0001
United States Department of Labor, Employee Benefits Security Administration (DOL),
      200 Constitution Avenue, N. E. – Suite N-5702, Washington, DC 20210

E. G. Southworth

PRAECIPE

# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAL CORPORATION, et al., (UAL) | ) | Case No. 02 B 48191 |
| | ) | Priority Claim Number 44704 |
| Appellee/Reorganized Debtors. | ) | Claim Date: 10/05/05 |
| | ) | Claim Total: $321,302.15 [recalculated] |
| | ) | |
| 02-48191 – 349835 – Omn52 - 4 | ) | Honorable Eugene R. Wedoff |
| SOUTHWORTH, EDWARD G. (EGS) | ) | |
| 380 FORT PICKENS RD | ) | Date of Order:              04/09/08 |
| PENSACOLA BEACH, FL 32561-2012 | ) | |
| 850-572-0853 | ) | Date of Appeal:            04/17/08 |
| | ) | |
| Appellant/Claimant/Participant | ) | Date of Docketing Statement:   04/17/08 |

## PRAECIPE

TO THE CLERK AND REPORTER OF THE BANKRUPTCY COURT IN RE SUBJECT CLAIM:

Transmittal of the following documents is hereby requested to the United States Bankruptcy Appellate Panel for the Eighth Circuit. All of the documents are listed in reverse chronological order and some are identified as being *hearing transcripts, copies of which are further requested to be mailed/billed to Appellant and **submissions not found on the docket and attached hereto:

1. 04/09/08 [Docket # 17050] Court Order allowing and reducing claim No. 44704 as a general, unsecured claim in the amount of $66,219.90.

2. *04/01/08 [Docket # 17044] Hearing direction that UAL prepare $66,219.90 order, based on the 03/27/08 UAL submission to which EGS was not allowed to object.

3. **03/29/08 [Attachment 1] EGS Objections to UAL 03/27/08 submission.

4. 03/27/08 [Docket # 17035] UAL Submission limited the Claim amount on the basis of the 02/20/08 UAL Reply rather than recalculating it as directed.

5. 03/24/08 [Docket # 17032] EGS recalculation of $321,302.15 claim, in accordance with 02/27/08 hearing directions

6. 03/07/08 [Docket # 17026] EGS recap of 02/27/08 hearing results and issues in re his 02/25/08 rebuttal.

7. **\*02/27/08 [Docket # 17014] Hearing direction that UAL recalculate EGS' claim based on retroactive, equitable valuation and segregation of a $298,452.76 Alternate Payee (QDRO) account as of 03/28/00.**

8. **\*\*02/25/08 [Attachment 2] EGS Rebuttal to UAL 02/20/08 Reply.**

9. 02/20/08 [Docket # 17003] UAL Reply....... The argument based on Exhibit 17, " Southworth QDRO Limited Settlement" is the only part of this 200+ page document which is relevant to the appeal amount.

10. **\*01/23/08 [Docket # 16986] The Court granted a 02/27/08 continuation and directed UAL to present a detailed Reply by 02/20/08.**

11. **\*\*01/21/08 [Attachment 3] Supplemental response objecting to 3rd UAL request for continuation, observing that case must proceed on the basis of existing evidence and re-estimating the amount of EGS' remedy.**

12. 01/14/08 [Docket # 16970] Supplemental response summarizing the effects of UAL's failure to properly value and segregate the Alternate Payee's QDRO account and estimating EGS' remedy as of 01/31/08.

13. 12/28/07 [Docket # 16962] EGS supplemental response in re telephonic, DOL/PBGC issue and lack of UAL argument against subject claim.

14. 11/15/07 [Docket # 16913] EGS supplemental response in re telephonic and observation that case must proceed on the basis of existing evidence.

15. 11/09/07 [Docket # 16894] EGS Response to 52nd Omnibus Objection

16. 10/15/07 [Docket # 16864] UAL 52nd Objection to priority claim no. 44704

17. 11/03/05 [Docket # 13418] EGS' Response to 32nd objection.

18. 10/20/05 [Docket # 13275] UAL 32nd Omnibus Objection, Ex B identification of surviving priority claim no. 44704.

19. **10/03/05 [Attachment 4 (w/o lengthy attachments 1-7 which are

unrelated to the claim amount appealed]

It s also requested that a pagination of transmittals to the Appellate Court be mailed to the

Appellant for timely audit of perfection.

E. G. Southworth

Pro se

## Served 04/17/08 by regular (*certified) USPO mail to:

*Clerk of the Bankruptcy Court (Attention Judge Eugene R. Wedoff), 219 Dearborn Street, Room 710, Chicago, IL 60604

*Counsel to Reorganized Debtors, Kirkland & Ellis (Attn: James H. M. Sprayregan, P.C., Marc Kieselstein, P.C. and David Seligman and Erik Chalut), 200 East Randolph Drive, Suite 6500, Chicago, IL 60601

Counsel to the Reorganized Debtors' debtor in possession lender (CIT Group): Schulte, Roth & Zabel (Attn: Robert J. Mrofka), 919 Third Avenue, New York, NY 10022

Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP Morgan): Morgan, Lewis & Bockius, LLP (Attn: Richard S. Toder and Jay Teitelbaum), 101 Park Avenue, New York, NY 10178

Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP Morgan): Kaye Scholer, LLP (Attn: Michael B. Solow), 3 First National Plaza, Suite 4100, 70 West Madison Street, Chicago, Il. 60602

Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (General Electric Capital Corporation): Weil, Gotshal & Manges, LLP (Attn: Richard P. Krasnow and Scott E. Cohen), 767 Fifth Avenue, New York, NY 10153

IRS, Atlanta Service Center, Atlanta, GA 39901-0025

Julie Ann McKenzie, 206 Vista Circle, North Olmsted, OH 44070

Office of the United States Trustee (Attn: Stephen Wolfe), 227 West Monroe Street, Suite 3350, Chicago, IL 60606

Official Notice and Claims Agent: Poorman-Douglas Corporation (Attn: Tina Wheelon), 10300 SW Allen Boulevard, Beaverton, OR 97005

PBGC, POB 151750, Alexandria, VA 22315-1750

Reorganized Debtors: United Air Lines, Inc., WHQLD (Attn: John Lakosil), 1200 East Algonquin Road, Elk Grove, IL 60007

Representative Jeff Miller (R-FL), 324 Cannon House Office Building, Washington, DC 20515

Senator Mel Martinez (R-FL), 317 Hart Senate Office Building, Washington, DC 20510

Senator Bill Nelson (D-FL), 716 Hart Senate Office Building, Washington, DC 20510

UAL PDAP Representative (Russell), 100 Half Day Road, POB 1476, Lincolnshire, IL 60069-1476

United States Attorney General (USAG), 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

United States Department of Labor, Employee Benefits Security Administration (DOL), 200 Constitution Avenue, N. E. – Suite N-5700, Washington, DC 20210

E. G. Southworth

ATTACHMENT 1
TO
PRAECIPE

# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re:      )      Chapter 11

UAL CORPORATION, et al.,  (UAL)  )      Case No. 02 B 48191
)      Priority Claim # 44704
Reorganized Debtors.      )      Claim Date: 10/05/05
)      Claim Total: $321,302.15 [recalculated]
)
02-48191 – 349835 – Omn52 - 4    )      Honorable Eugene R. Wedoff
SOUTHWORTH, EDWARD G.  (EGS)  )
380 FORT PICKENS RD      )      Hearing Date:  April, 1 2008
PENSACOLA BEACH, FL 32561-2012  )
850-572-0853      )      Hearing Time:  10:00 AM
)
Claimant/Participant      )      Basis For Objection:    NO LIABILITY

## OBJECTIONS TO UAL's RECALCULATION OF SUBJECT CLAIM

UAL is still not dealing with the enormity of not valuing or segregating the Alternate Payee's account as of the date when the DRO was accepted as a QDRO. UAL's effort remains focused on minimizing liability for the error, and paying for it out of Participant's account.

1. It is not true that UAL complied with the QDRO and PDAP rules in making distributions. If this were true, the Participant would have had no claim regarding distributions from a segregated Alternate Payee account.

2. It is not true that 2000 PDAP rules forbade UAL's performance of Court interpreted and QDRO required tasks. On the contrary, UAL's unilateral 2000 qualification of the Alternate Payee's previously denied DRO was actually based on revised PDAP allowance of said tasks.

3. It is not true that subject claim is "unsecured". Its status remains "primary" and obviates UAL's 11 U. S. C. A 502(b)(2) contention that post-petition interest is precluded.

4. It is not true that the Court directed calculations "……. are complicated by a variety of factors that are not particularly relevant." UAL's failure to value and segregate the Alternate



ATTACHMENT 1

Payee's account when her DRO was accepted as a QDRO actually caused the complications which are so relevant that the Court ordered recalculation.

5. It is not true that the Alternate Payee should have received less than she has and is still owed. Her other investment options were denied by lack of segregation, and UAL properly applied what appears to be money market appreciation (an "Earnings Factor") from 03/31/00 until 03/31/03, the PDAP statement date nearest the last of her distributions. The problem remains that UAL paid this appreciation to the Alternate Payee by taking it from the Participant's account rather than from her own segregated account which did not exist.

6. If UAL's retirement account embezzlement is reported as irony, what would fiduciary dismissal of Claimant's five (5) formal attempts at solution be called?

    a.  02/18/02 UAL received Participant's 1st request for distribution.

    b.  03/12/02 UAL received Participant's 2nd request for distribution.

    c.  09/06/02 UAL received Participant's 3rd request for distribution.

    d.  02/28/03 UAL received Participant's 4th request for distribution.

    e.  09/08/04 Participant delivered a settlement proposal between UAL and both parties.

7. It is not true that UAL's discussion attempt with the Participant preceded his disagreement with UAL results and filing of his own calculation. The opposite is true.

8. It is not true that anything can be based on the limited settlement agreement signed by UAL and both parties 05/02/02. UAL created the contract in bad faith, after making distributions totaling $230,458.29 before it was signed;

    a.  03/13/02  -    $133,810.29 and

    b.  03/26/02  -    $ 98,648.00

If this bogus contract were somehow valid, it has been misrepresented and was never intended as a mechanism for appreciating the Alternate Payee's QDRO award within Participant's account. While it held UAL harmless for making the payments, it gave away no judicial rights of the parties, and it would have called for $232,228.10 [$169,923.00 +

($169,923.00 x 10% / 12 months x 44 months)] rather than the $298,452.76 equity recalculation agreed to by all as of 03/31/00....... As a footnote, UAL Reply Ex 18 conveyed the State Appeals Court 01/02/03 JOURNAL ENTRY AND OPINION which belatedly affirmed appreciation of the QDRO award on the basis of equity rather than 10% or money market rates.

9. Claimant makes no comment on any of UAL's 03/27/08 calculations, because:

    a. the left edge of Exhibit 1 is cropped off and unreadable,

    b. the period covered, 03/31/00 – 02/28/02, is not understood,

    c. the 03/27/03 payment of $59,999.32 is not included,

    d. the reason for reconstructing Exhibit 2, July 2002 PDAP statement is not known and

    e. no monthly comparison with Claimant's records is possible.

UAL's continued commitment to defending its error is disingenuous at best, the quality of its recalculation effort speaks for itself and Claimant's pre-emptive recalculation is reprinted below.

## RECALCULATION

Although the original claim properly followed QDRO, PDAP, ERISA and IRC direction for valuation as of the PDAP balance nearest the last of four distributions, 03/31/03, Participant agrees with the Court's direction that UAL, recalculate his claim in terms of retroactive valuation and segregation of the Alternate Payee's portion, $298,452.76, as of 03/31/00:

$622,287.09   Participant's 03/31/00 account balance
($  5,612.39)  Participant's pre-tax contributions since effective divorce / QDRO date, 08/01/96
$616,674.70   Jointly owned 03/31/00 account balance
($298,452.76)  Alternate Payee's portion as previously directed and agreed
$318,221.94   Participant's remainder percentage = 51.60288% ($318,221.94 / $616,674.70)

The Alternate Payee's portion did not benefit from Participant's pre-tax contributions after 08/01/96, and UAL's failure to segregate her QDRO account denied appreciation at anything other than

the "Earnings Factor.        03/27/00-03/26/03 ___ 1.10315907" (UAL reply Ex 16) which UAL

used to calculate her total 03/31/03 balance, $329,240.87. This was an appreciation of $298,452.76 at an

annual rate of 3.4386357%. $326,283.06 was actually distributed to the Alternate Payee (embezzled from

the Participant's account) leaving a total of $2,957.81 owed as of 03/31/03. Appreciating this amount

forward at that same annual rate leaves UAL owing the Alternate Payee **$3,466.35,** [$2,957.81 +

(3.4386357% x 5 x $2,957.81)] as of 03/31/08, completely segregated from and unaffected by

Participant's recalculation.


The recalculation involves re-defining Participant's 03/31/03 balance in terms of his 03/31/00

remainder percentage, appreciating it forward to 03/31/08 at 10%, withholding federal tax and rolling the

remainder back into his PDAP account by:

> (1) beginning with **$10.57,** the Participant's 03/31/03 PDAP balance,
>
> (2) adding back (undoing) distributions which should have been taken from the Alternate
>
>> Payee's own, segregated, QDRO account and appreciating them forward at UAL's
>>
>> annual rate of 3.4386357%:
>>
>>> a.  $133,810.29 (03/13/02) + $4,601.25 (12 months) = $138,411.54
>>> b.  $  98,648.00 (03/26/02) + $3,392.15 (12 months) = $102,040.15
>>> c.  $  33,825.45 (07/05/02) +  $ 872.35 ( 9 months) = $ 34,697.80
>>> d.  $  59,999.32 (03/27/03)                          = $ 59,999.32
>>>     $326,283.06                                       **$335,148.81,**
>
> (3) subtracting the difference between contribution balances of 03/31/03 and 08/01/96:
>
>> a.  Employee = ($ 43,216.91 minus $   9,240.00) = $33,976.91
>> b.  Employer = ($189,003.32 minus $137,748.84) = $51,254.48
>>                                                  **($85,231.39),**
>
> (4) multiplying 51.60288% x ($10.57 + $335,148.81 - $85,231.39) = **$128,970.04,**
>
> (5) adding back contributions of $85,231.39 for a recalculated value = **$214,201.43,**
>
> (6) appreciating $214,201.43 for 60 months (03/31/03 – 03/31/08) at 10% APR = .1 / 12
>
>> x 60 = 50%, or a factor of 1.5 x $214,201.43  =  **$321,302.15,**
>
> (7) withholding federal taxes for 2005 PDAP casualty loss tax deduction recapture:

($163,746.88) – 2005 PDAP casualty loss deduction
($117,000.00) – Estimated 2008 income
$   10,700.00 – Standard deduction
$     6,800.00 – Exemptions
($263,246.88) – Estimated taxable income = 33% tax bracket

$163,746.88 (treated as 2008 income) x 33.00% = **$54,036.47** and

(8) returning (rolling over) **$267,265.68** ($321,302.15 - $54,036.47) into the Participant's

PDAP account.


**WHEREFORE**, Claimant asks this Court to affirm the reprinted recalculation, preserve case

evidence and argument for appeal/prosecution and direct immediate UAL withholding and rollover of the

recalculated amounts.


Respectfully submitted,

E. G. Southworth
Pro se

29

## Served 03/18/08 by fax (regular USPO mail)* to:

Clerk of the Bankruptcy Court (Attention Judge Eugene R. Wedoff), 219 Dearborn Street, Room 710,
   Chicago, IL 60604 [fax: 312-408-7750]

Counsel to Reorganized Debtors, Kirkland & Ellis (Attn: James H. M. Sprayregan, P.C., Marc
   Kieselstein, P.C. and David Seligman and Erik Chalut). 200 East Randolph Drive, Suite 6500,
   Chicago, IL 60601 [fax: 312-861-2200]

Counsel to the Reorganized Debtors' debtor in possession lender (CIT Group): Schulte, Roth & Zabel
   (Attn: Robert J. Mrofka), 919 Third Avenue, New York, NY 10022 [fax: 212-593-5955]

Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP
   Morgan): Morgan, Lewis & Bockius, LLP (Attn: Richard S. Toder and Jay Teitelbaum),
   101 Park Avenue, New York, NY 10178 [fax: 212-309-6001]

Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP
   Morgan): Kaye Scholer, LLP (Attn: Michael B. Solow), 3 First National Plaza, Suite 4100,
   70 West Madison Street, Chicago, IL 60602 [fax: 312-583-2360]

Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (General Electric
   Capital Corporation): Weil, Gotshal & Manges, LLP (Attn: Richard P. Krasnow and
   Scott E. Cohen), 767 Fifth Avenue, New York, NY 10153 [fax: 212-310-8007]

*IRS, Atlanta Service Center, Atlanta, GA 39901-0025

*Julie Ann McKenzie, 206 Vista Circle, North Olmsted, OH 44070

Office of the United States Trustee (Attn: Stephen Wolfe), 227 West Monroe Street, Suite 3350,
   Chicago, IL 60606 [fax: 312-886-5794]

Official Notice and Claims Agent: Poorman-Douglas Corporation (Attn: Tina Wheelon),
   10300 SW Allen Boulevard, Beaverton, OR 97005 [fax: 503-350-5230]

*PBGC, POB 151750, Alexandria, VA 22315-1750

Reorganized Debtors: United Air Lines, Inc., WHQLD (Attn: John Lakosil), 1200 East Algonquin Road,
   Elk Grove, IL 60007 [fax: 847-700-4683]

*Representative Jeff Miller (R-FL), 324 Cannon House Office Building, Washington, DC 20515

*Senator Mel Martinez (R-FL), 317 Hart Senate Office Building, Washington, DC 20510

*Senator Bill Nelson (D-FL), 716 Hart Senate Office Building, Washington, DC 20510

*UAL PDAP Representative (Russell), 100 Half Day Road, POB 1476, Lincolnshire, IL 60069-1476

*United States Attorney General (USAG), 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

*United States Department of Labor, Employee Benefits Security Administration (DOL),
   200 Constitution Avenue, N. E. – Suite N-5702, Washington, DC 20210

E. G. Southworth

ATTACHMENT 2
TO
PRAEBIPE

# IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Chapter 11

In re:

UAL CORPORATION, et al.,                    (UAL)

    Reorganized Debtors.

02-48191 – 349835 – Omn52 - 4
SOUTHWORTH, EDWARD G.                        (EGS)
380 FORT PICKENS RD
PENSACOLA BEACH, FL 32561-2012
850-572-0853

    Claimant/Participant

Case No. 02 B 48191
Priority Claim # 44704
Claim Date: 10/05/05
Claim Total: $191,573.20 [appreciated]

Honorable Eugene R. Wedoff

Hearing Date:  February 27, 2008

Hearing Time:  10:00 AM

Basis For Objection:    NO LIABILITY

## REBUTTAL TO REPLY IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO CLAIM OF EDWARD SOUTHWORTH [RELATED TO DOCKET # 16864]

In re subject claim, the attachment A UPS tracking information proves that UAL's two-pound notice, reply and motion for leave to file brief in excess of fifteen pages (almost 200 pieces of paper with writing on both sides and an admonition that my "……. divorce battles should not be played out yet again in this courtroom.") were not timely served.

My telephonic hearing participation is confirmed by attachment B, ID # 2096979.

Although UAL's reply addresses nothing of substance which has not been formally rebutted in previous filings, the following issues are raised to preserve their argument for appeal:

    1. Neither UAL's disposition nor mine has any bearing on the substance of this claim or to the application of law to it. UAL's actions pursuant to the QDRO and TRO raise constitutional and felony issues which beg rather than preclude hearing my claim, and barring my claim on the basis of a written settlement agreement fails, because Marian Durkin's 03/13/02 - $133,810.29 and 03/26/02 - $98,648.00 PDAP

ATTACHMENT 2

distributions pre-dated and breached our 05/02/02 agreement, before it was even signed. The attachment C, 04/22/02 documentation of this pre-dated my awareness of ERISA's prospective mandate, addressing only my objections to her administration and calculation of the amount. My claim is continuous since the error was discovered, its substance is formally filed and it should be heard without UAL's presumption of deference to Exhibit 1 of the reply, an unsigned, unserved, pension board "Decision on Review".

2. The reply's p. 9, note 3 alleges ("believes") that my response to the Fifty-Second Omnibus Objection was not properly filed and the p. 9 text states, in error, that said response was attached as "........ Exhibit 20......." This is my fourth, properly served response which answers to this description, I have no indication that such a problem exists, and I argue that the outcome of this claim involves constitutional and felony outcomes which should not turn on a technicality......., including the fact of UAL's untimely service of the reply which this submission rebuts.

3. The reply's p. 4 claim that UAL "....... froze benefits as required by the Order [TRO] and in accordance with the PDAP's standard procedures." is not true. No such PDAP, TRO or other requirement (except for segregation which did not happen) existed, and except for UAL's unilateral distributions, I have maintained and exercised all aspects of discretionary account ownership and control from the advent of my participation to the present.

4. The reply's p. 14 "rote compliance" argument might be persuasive in mollifying an administrator's responsibility or liability for erroneous results, but it cannot be used prejudicially:

   a. (on the one hand) to justify lack of segregation by obviating constitutional (Article VI) supremacy and subordinating the PDAP, ERISA, IRC and USC to a county court order (TRO), or

b. (on the other) to first deny and then affirm the county court QDRO by affirming its subordination to the PDAP.

5. The reply attempts to change the subject in order to limit my claim to previously adjudicated elements which preclude its consideration here. P. 12 asserts that my claim is about ",...... UAL using the wrong interest rate in calculating Ms. McKenzie's [the Alternate Payee's] share of the PDAP" and is belied by P. 4 of my 10/03/05 claim which is unmistakably about not awarding the alternate payee a dollar amount on one date and leaving it in the participant's account (subject to market fluctuations) to be distributed on another. The reply's note 9 actually affirms this at the bottom of its p. 18 page contention to the contrary that my problem is improperly computed appreciation.

6. The reply further attempts to change the subject by addressing actions and concerns prior to UAL's 03/28/00 acceptance of the previously rejected, 04/15/99 county court domestic relation order as a QDRO. At this point, as stated by the Pension Board (Exhibit 1, p. 23, cited on p. 19 of the reply), "....... Everyone clearly understood that the order required [the] Alternate Payee to be credited with actual gains and losses."

7. Back to the subject, p. 20 of the reply documents the Exhibit 8 plan administrator's treatment of 03/28/00 as the "....... date of segregation/distribution of the Alternate Payee's share into her account......" and of interest accrual "In accordance with the PDAP....... at the money market rate from the date of segregation/distribution until such time as the Alternate Payee requests a distribution or elects to change her investment options." These two treatments were problematic and did not happen:

a. If a segregated account had been created 08/01/96, the Alternate Payee would have received her QDRO award of $169,923.00, the Participant's account would have been left with $178,207.52....... end of story. The point is that the Alternate Payee's equity was her award / PDAP balance

($169,923.00 / $348,130.52) or 48.81014% of the Participant's account.
Breaking neither law nor logic, using the reply's p.19 recognition "....... that
everyone clearly understood that the order [QDRO] required the Alternate
Payee to be credited with actual gains and losses......." and applying no
more than middle school math until segregation, the Alternate Payee's actual
gains and losses accruing to this award can be approximated as 48.81014%
of any monthly balance, less EGS' employer and employee, pre-tax
contributions.

b.  Therefore, 03/31/00 would have been 48.81014% x (622,287.09 - $5,612.39
employer pre-tax contributions) = $296,629.16, leaving the Participant's
account with a $325,657.93 remaining balance. This approximation of the
Alternate Payee's award is reasonably in line with UAL's 03/28/00
calculation of $298,452.76, as affirmed in note 9 on p.18 of the reply.

c.  Because no segregation actually took place, the Alternate Payee's equity
remained in the Participant's account, without accrual of interest at money
market rates or discretion. The Participant actively managed his account
during the period between 03/31/00 and 03/31/03, which included additional
employer and employee pre-tax contributions of $45,642.09 and $33,976.91,
respectively, and a loss of about half its market value.

d.  UAL fabricated further Alternate Payee ownership of the Participant's
account and made distributions at the end of the period which subordinated
(ignored) Participant's own formal requests for distribution. These actions
produced the erroneous results documented in Marian Durkin's 06/10/03
response to Participant's 04/25/03 and 05/05/03 appeals for reason:

(1) UAL applied an "Earnings Factor: 03/27/2000 - 03/26/2003 [of] 1.10315907" to the 03/28/00, $298,542.76 calculation, producing a "Total QDRO Distribution" of $329,240.87.

(2) Against every Participant effort to the contrary, UAL distributed $326,283.06 to the Alternate Payee, leaving the Participant with an account balance of $10.57 and owing an additional $2,957.81.

Here's my only digression into "....... divorce battles [which] should not be played out yet again in this courtroom." The Cuyahoga County [OH] Court of Common Pleas – Domestic Relations Division has vindicated even my wildest attempts to deny Alternate Payee distributions, by refusing to recognize self- support income to her from any of them, after accepting her testimony that they no longer exist.

I rely on this Honorable Court's application of law to the filed merits of my claim.

Respectfully submitted,

E. G. Southworth (Claimant/Participant/EGS)
380 Fort Pickens Road
Pensacola Beach, FL 32561-2012
850-572-0853
pro se

√ = DOCUMENT MADE AS ORIG.

## Served 02/25/08 by USPO Mail w/o attachments (*faxed w/ attachments) to:

√ *Clerk of the Bankruptcy Court, 219 Dearborn Street, Rm 710, Chicago, IL 60604 [fax: 312-408-7750]

√ *Counsel to [for the] Reorganized Debtors, Kirkland & Ellis LLP (Attn: James H. M. Sprayregan, P.C., Marc Kieselstein, P.C. and David Seligman, Erik Chalut and Sienna Rakestraw), 200 East Randolph Drive, Suite 6500, Chicago, IL 60601 [fax: 312-861-2200]

*Counsel to the Reorganized Debtors' debtor in possession lender (CIT Group): Schulte, Roth & Zabel (Attn: Robert J. Mrofka), 919 Third Avenue, New York, NY 10022 [fax: 212-593-5955]

*Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP Morgan): Morgan, Lewis & Bockius, LLP (Attn: Richard S. Toder and Jay Teitelbaum), 101 Park Avenue, New York, NY 10178 [fax: 212-309-6001]

*Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP Morgan): Kaye Scholer, LLP (Attn: Michael B. Solow), 3 First National Plaza, Suite 4100, 70 West Madison Street, Chicago, IL 60602 [fax: 312-583-2360]

*Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (General Electric Capital Corporation): Weil, Gotshal & Manges, LLP (Attn: Richard P. Krasnow and Scott E. Cohen), 767 Fifth Avenue, New York, NY 10153 [fax: 212-310-8007]

IRS, Atlanta Service Center, Atlanta, GA 39901-0025

Julie Ann McKenzie, 206 Vista Circle, North Olmsted, OH 44070

*Office of the United States Trustee (Attn: Stephen Wolfe), 227 West Monroe Street, Suite 3350, Chicago, IL 60606 [fax: 312-886-5794]

*Official Notice and Claims Agent: Poorman-Douglas Corporation (Attn: Tina Wheelon), 10300 SW Allen Boulevard, Beaverton, OR 97005 [fax: 503-350-5230]

PBGC, POB 151750, Alexandria, VA 22315-1750

*Reorganized Debtors: United Air Lines, Inc., WHQLD (Attn: John Lakosil), 1200 East Algonquin Road, Elk Grove, IL 60007 [fax: 847-700-4683]

Representative Jeff Miller (R-FL), 324 Cannon House Office Building, Washington, DC 20515

Senator Mel Martinez (R-FL), 317 Hart Senate Office Building, Washington, DC 20510

Senator Bill Nelson (D-FL), 716 Hart Senate Office Building, Washington, DC 20510

UAL PDAP Representative (Russell), 100 Half Day Road, POB 1476, Lincolnshire, IL 60069-1476

United States Attorney General (USAG), 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

United States Department of Labor, Employee Benefits Security Administration (DOL), 200 Constitution Avenue, N. E. – Suite N-5702, Washington, DC 20210

E. O. Southworth

UPS: Tracking Information

Home | About UPS | Contact UPS | Getting Started @ UPS.com | Site Guide

**UPS United States**

Login  User ID:          Password:          [Sl]   | Forgot Password          Register

## Tracking

Track Shipments
  Track by Reference
  Track by E-mail
  Signature Tracking
  Import Tracking Numbers
  Wireless Tracking
  Track with Quantum View
  Access Flex Global View
  Integrate Tracking Tools
  Void a Shipment
  Help

**Changes to UPS Internet Shipping**

Find Answers to Your Tracking Questions

  UPS Tracking FAQ

## Track Shipments

Track Packages & Freight   Quantum View   Flex Global View

### Tracking Summary

Printer Friendly | Help

| | |
|---|---|
| **Tracking Number:** | 1Z 947 427 01 9344 191 3 |
| | ➔ View package progress |
| Type: | Package |
| Status: | **Delivered** |
| Delivered On: | 02/21/2008 11:01 A.M. |
| Delivered To: | GULF BREEZE, FL, US |
| Service: | NEXT DAY AIR |

Tracking results provided by UPS: 02/23/2008 6:50 A.M. ET

Printer Friendly

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tendered by or for you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems and information is strictly prohibited.

Home | Shipping | Tracking | Freight | Locations | Support | Business Solutions | About UPS | Contact UPS | Register | Getting Started | Site Guide
Advanced Search | UPS Global | UPS Corporate

Copyright © 1994-2008 United Parcel Service of America, Inc. All rights reserved.
Web Site Terms of Use | Privacy Policy | Trademarks | UPS Tariff/Terms and Conditions

02/23/08

ACTUALLY RECEIVED (found outside of Door in Carport)
@ 2130 ON 02/22/08.

E.V. Southworth

1 of 2                    ATTACHMENT A

UPS CampusShip: Label/Receipt

## UPS CampusShip: View/Print Label

1. **Print the label(s):**   Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.**   Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are accepted at Drop Boxes.
   - To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.

FOLD HERE

1 OF 1

LTR

ELIZABETH OHM
5053 5405600
EPU SYSTEMS - PORTLAND
10300 SW ALLEN BLVD
BEAVERTON OR 97005

SHIP TO:
E.G. SOUTHWORTH
380 FORT PICKENS RD
PENSACOLA BEACH   FL 32561-2012

FL 325 0-11

UPS NEXT DAY AIR   1

TRACKING #: 1Z 947 427 01 9344 1913

BILLING: P/P

Bill-to Navision Job#: BKS906 UAL
Reference #: BKS-906 UAL

2 of 2

ATTACHMENT A

# Court Conference, a division of CourtCall
# Confirmation and Invoice (No separate statement will be sent)

**Attorney Name:**    Ed Southworth

**Firm Name:**    Ed Southworth

**Attorney Phone:** 850-572-0853    **Attorney Fax:** -

**Appearance Date:** Wednesday, February 27th, 2008    **Appearance Time:** 10:00 AM

**Judge Name:**    Honorable Eugene R. Wedoff    **Court Conference ID#:** 2096979

**Case Number:** 02-48191    **Proceeding Type: Hearing**

**Case Name:**    UAL Corporation

Following are the procedures for your telephonic appearance.

1. Please take a moment to review this Confirmation. For any changes that need to be made, or if you have not received a Confirmation for each reservation made, please contact us at 1-866-58-COURT or 1-310-743-1886.
2. YOU MUST DIAL IN TO THE CALL AT LEAST TEN (10) MINUTES PRIOR TO THE HEARING BY DIALING (800) 447-3470. DO NOT BE LATE! IF YOU HAVE ANY DIFFICULTY DIALING INTO THE CALL, CALL US AT 1-866-58-COURT OR 1-310-743-1886.
3. To ensure the quality of the call, no speaker or cellular phones, headsets or public phones may be used. Counsel must be on the handset of the telephone during the appearance.
4. Once you have joined the call, you must not place the call on hold or have anyone else hold the line for you.
5. Unless you have been designated to speak, you will be placed in a "listen only" mode. You will be able to hear the courtroom without being heard.
6. Once your case is called, a coordinator will place you in an "open conference" mode if you are not designated as "listen only".
7. On every occasion before speaking, you must identify yourself to the Court.
8. Once your case has been heard and concluded by the Judge, please disengage from the call by hanging up the phone.
9. If you have multiple appearances during one calendar you will be charged the appearance fee for each separate matter except if the Judge hears your cases consecutively, in which case you will be charged one fee for all consecutive appearances, subject to the time increments set out below.

YOUR INITIAL CHARGE FOR THIS COURT CONFERENCE APPEARANCE IS $25.00 AND WILL BE SUPPLEMENTED BASED ON THE LENGTH OF THE CALL AS FOLLOWS: 0-45 MINUTES - $25.00, 46-60 MINUTES - $31.50, 61 MINUTES AND ABOVE, AN ADDITIONAL $6.50 PER EACH ADDITIONAL 15 MINUTE INCREMENT. NO SEPARATE STATEMENT WILL BE SENT. IF YOU HAVE AN ACCOUNT WITH US (OR IF YOU PAID BY CREDIT CARD), YOUR ACCOUNT/CARD WILL BE CHARGED. OTHERWISE, PLEASE MAIL YOUR CHECK AND A COPY OF THIS CONFIRMATION/INVOICE TO: COURT CONFERENCE, 6383 ARIZONA CIRCLE, LOS ANGELES, CA 90045.

OUR TAX ID# IS. 95-4568415

Serenia Taylor

1 of 1    ATTACHMENT B

SOUTHWORTH
380 Fort Pickens Road
Pensacola Beach, FL 32561

UNABLE TO FAX & MAILED
~~FAXED TO 844-700-4653~~
06/21/02

06/22/02     169,923.00
P.S.      +  93,320.74
          ────────────
          = 263,243.74
(NOT 266,283.74
AS IN YOUR
MAY 2, 2002)
?

MARIAN DURKIN, ESQUIRE
UAL - WHQLD
POB 66100
CHICAGO, IL 60666
c/c: T.J. NUSSER, ESQUIRE ⓟ 850-437-5333
RE:        005300  QDRO / PDAP DISTRIBUTION

DEAR MS. DURKIN:

1. 10% SIMPLE INTEREST ON #167,923.00 OVER 68 MOS
(08/01/96 - 04/01/02) IS #96,289.70. YOUR MAY 02, 2002
LETTER USED #93,320.74 ..... 9.691638%, BY MY CALCULATION?

2. #232,458.29 WAS WITHDRAWN FROM MY PDAP
JUST PRIOR TO 04/01/02?

3. TAMICA SAYS THAT CHRIS SAID THAT I AM SUPPOSED
TO TRANSFER #25,703.45 FROM MY SCHWAB TO MY CORE
PDAP ACCOUNT!

I AM PERFECTLY WILLING TO COMPLY WITH WHATEVER THE
COURT ORDERED OR ANY OF YOUR CHANGING INTERPRETATIONS
OF WHAT YOU THINK THE COURT ORDERED, BUT HERE'S A
NEWS FLASH ...... NOT OVER THE TELEPHONE AND NOT WITHOUT
AN ACCOUNTING (WRITTEN) OF HOW MUCH.

SINCERELY,
B.G. SOUTHWORTH

1 of 1                    ATTACHMENT C

ATTACHMENT 3

TO

PRAECIPE

# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAL CORPORATION, et al., | (UAL) | Case No. 02 B 48191 |
| | ) | Priority Claim # 44704 |
| Reorganized Debtors. | ) | Claim Date: 10/05/05 |
| | ) | Claim Total: $190,502.88 [appreciated] |
| | ) | |
| 02-48191 - 349835 - Omn52 - 4 | ) | Honorable Eugene R. Wedoff |
| SOUTHWORTH, EDWARD G. | (EGS) | |
| 380 FORT PICKENS RD | ) | Hearing Date:  01/23/08 |
| PENSACOLA BEACH, FL 32561-2012 | ) | Hearing Time:  10:00 a.m. |
| 850-572-0853 | ) | |
| | ) | |
| Claimant/Participant | ) | Basis For Objection:   NO LIABILITY |

## SUPPLEMENTAL RESPONSE TO THE REORGANIZED DEBTORS' (UAL)

## REQUEST FOR A THIRD CONTINUATION OF ITS FIFTY-SECOND

## OMNIBUS OBJECTION TO SUBJECT CLAIM

Subject claim was filed under the jurisdiction of this Court and handled as a priority claim at least

as far back as UAL's 10/20/05, 32nd Omnibus Objection.

UAL now asks for a 3rd (not a 2nd as stated in 13.C.b. of the 01/18/08 notice of agenda)

continuation of subject claim citing "[Docket No.16970]*", not "Not Docketed" as listed in 8. of the

01/18/08 status chart.

There is no reason not to proceed by application of law to existing briefs and evidence.

Further continuance would constitute only delay of appreciated full payment:

| | | |
|---|---|---|
| $128,428.96 | - | original claim as of 03/31/03 |
| $ 62,073.92 | - | 58 months of appreciation (@ 10%) through 01/31/08 |
| $190,502.88 | - | Total claimed from 03/31/03 through 01/31/08 |


ATTACHMENT 3

Respectfully submitted,

E. G. Southworth (Claimant/Participant/EGS)
380 Fort Pickens Road
Pensacola Beach, FL 32561-2012
850-572-0853
pro se

### Served 01/21/08 by USPO Mail (*fax) to:

✓  *Clerk of the Bankruptcy Court, 219 Dearborn Street, Room 710, Chicago IL 60604 [fax: 312-408-7750]
✓  *Counsel to [for the] Reorganized Debtors, Kirkland & Ellis LLP (Attn: James H. M. Sprayregan, P.C.,
      Marc Kieselstein, P.C. and David Seligman, Erik Chalut and Sienna Rakestraw),
      200 East Randolph Drive, Suite 6500, Chicago, IL 60601 [fax: 312-861-2200]
✓  Counsel to the Reorganized Debtors' debtor in possession lender (CIT Group): Schulte, Roth & Zabel
      (Attn: Robert J. Mrofka), 919 Third Avenue, New York, NY 10022
✓  Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP
      Morgan): Morgan, Lewis & Bockius, LLP (Attn: Richard S. Toder and Jay Teitelbaum),
      101 Park Avenue, New York, NY 10178
✓  Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP
      Morgan): Kaye Scholer, LLP (Attn: Michael B. Solow), 3 First National Plaza, Suite 4100,
      70 West Madison Street, Chicago, IL 60602
✓  Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (General Electric Capital
      Corporation): Weil, Gotshal & Manges, LLP (Attn: Richard P. Krasnow and Scott E. Cohen),
      767 Fifth Avenue, New York, NY 10153
✓  IRS, Atlanta Service Center, Atlanta, GA 39901-0025
✓  Julie Ann McKenzie, 206 Vista Circle, North Olmsted, OH 44070
✓  Office of the United States Trustee (Attn: Kathryn M. Gleason and Stephen Wolfe),
      227 West Monroe Street, Suite 3350, Chicago, IL 60606
✓  Official Notice and Claims Agent: Poorman-Douglas Corporation (Attn: Tina Wheelon),
      10300 SW Allen Boulevard, Beaverton, OR 97005
✓  PBGC, POB 151750, Alexandria, VA 22315-1750
✓  Reorganized Debtors: United Air Lines, Inc., WHQLD (Attn: John Lakosil), 1200 East Algonquin Road,
      Elk Grove, IL 60007
✓  Representative Jeff Miller (R-FL), 324 Cannon House Office Building, Washington, DC 20515
✓  Senator Mel Martinez (R-FL), 317 Hart Senate Office Building, Washington, DC 20510
✓  Senator Bill Nelson (D-FL), 716 Hart Senate Office Building, Washington, DC 20510
✓  UAL PDAP Representative (Russell), 100 Half Day Road, POB 1476, Lincolnshire, IL 60069-1476
✓  United States Attorney General (USAG), 950 Pennsylvania Avenue NW, Washington, DC 20530-0001
✓  United States Department of Labor, Employee Benefits Security Administration (DOL),
      200 Constitution Avenue, N. E. – Suite N-5702, Washington, DC 20210

E. G. Southworth

ATTACHMENT 4
TO
PRAECIPE

**UNITED STATES BANKRUPTCY COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| Debtor Name: UAL CORPORATION | Case Number: 02-48191 | 10/03/05 |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name of Creditor and Address:**

EDWARD G. SOUTHWORTH
380 FORT PICKENS ROAD
PENSACOLA BEACH, FL 32561-2012

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

Creditor Telephone Number: ( 8 5 0 ) 5 7 2 - 0 8 5 3

| CREDITOR TAX I.D. #: | ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR. | Check here ☐ replaces ☒ amends a previously filed claim dated: 0 5 - 0 5 - 0 3 (mm-dd-yy) |
|---|---|---|

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other (describe briefly)  SEE ATTACHED AMENDED CLAIM BRIEFING

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your social security number ___-__-____
  Unpaid compensation for services performed from ___-__ to ___-__ (mm-yy) (mm-yy)

**2. DATE DEBT WAS INCURRED:** 0 3 - 2 7 - 2 0 0 3 (mm-dd-yyyy)

**3. IF COURT JUDGMENT, DATE OBTAINED:** __-__-__ (mm-dd-yy)

**4. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:** $ | | | , | 1 0 8 | , | 3 3 9 | . | 2 5 |

all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. SECURED CLAIM**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of collateral:
- ☐ Real Estate
- ☐ Motor Vehicle
- ☐ Other _____

Value of collateral:
$ | | | , | | | , | | | . | | |

Amount of arrearage and other charges at time case filed included in secured claim above, if any

$ | | | , | | | , | | | . | | |

**6. UNSECURED PRIORITY CLAIM**

☒ Check this box if you have an unsecured priority claim
Amount entitled to priority:
$ | | | , | 1 6 0 | , | 5 3 6 | . | 2 0 |

Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,650), earned within 90 days before filing of the bankruptcy petition or cessation of the Debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
- ☒ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
- ☐ Up to $2,100 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
- ☐ Alimony, maintenance or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)
- ☒ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8)
- ☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a).
  *Amounts are subject to adjustment on 04/01/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim claimant has deducted all amounts that claimant owes to the debtor.

**8. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and an additional copy of this proof of claim.

THE ORIGINAL OF THIS COMPLETED PROOF OF CLAIM MUST BE SENT BY MAIL OR HAND DELIVERY AS FOLLOWS.

| | | THIS SPACE FOR COURT USE ONLY |
|---|---|---|
| BY MAIL TO: POORMAN-DOUGLAS CORPORATION ATTN. UAL P.O. BOX 4390 PORTLAND, OR 97208-4390 | BY HAND OR OVERNIGHT DELIVERY TO: POORMAN-DOUGLAS CORPORATION ATTN: UAL 10300 SW ALLEN BLVD BEAVERTON, OR 97005 | |

**DATE SIGNED:** 1 0 - 0 3 - 0 5 (mm-dd-yy)

SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):  E. G. Southworth

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571.

G0171

10/03/05

# IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) ) (UAL) ) | Chapter 11 |
| UAL CORPORATION, et al., | ) | |
| Debtors. | ) ) ) | Case No. 02 B 48191 (Jointly Administered) |
| | ) ) | |
| SOUTHWORTH, EDWARD G.    (EGS) 380 FORT PICKENS RD PENSACOLA BEACH, FL 32561-2012 850-572-0853 | ) ) ) ) ) | Honorable Eugene R. Wedoff |
| | ) | **AMENDED PROOF OF CLAIM BRIEFING** |
| Claimant | ) | |

## I.  STATEMENT OF FACTS

**A. Overview.** Air Line Pilots Association (ALPA) helped its member pilots trade wages for pensions and now works with all three branches of our government in helping UAL make retiree pensions fly off in default. With class action recourse in process for Employee Stock Ownership Plan (ESOP) fiduciary malfeasance, by Hagens Berman Sobol Shapiro LLP (HBSS), Claimant vests his Fixed Benefit Plan (A-Fund) claim interests with United Retired Pilots Benefit Protection Association (URPBPA) and amends his Pilot Directed Account Plan (PDAP) retirement investment account claim, of 05/05-06/03, herein.

**B. Documentation.** It is UAL's administration and not the argument of facts which is at bar, so raw data which will be made available at Court request are used as presented in the attachments:

      1. **Summary Compilation**

      2. **04/15/99 QDRO**

      3. **03/30/00 MOTION FOR TEMPORARY RESTRAINING ORDER**

      4. **07/01/03 PDAP QDRO ADMINISTRATION AND CLAIM FOR DAMAGES**

      5. **09/20/04 Decision on Review**

6. 10/11/04 [Rebuttal] UAL PDAP Embezzlement

7. 10/03/05 DEFENDANT'S TRIAL BRIEF IN THE COURT OF COMMON PLEAS DOMESTIC RELATIONS DIVISION CUYAHOGA COUNTY, OHIO [This constitutes service to Plaintiff (UAL) as promised in the "I. STATEMENT OF FACTS." Section of this attachment]

C. Case History. The proof of claim was filed as $108,339.25, 05/05/03 and corrected (typo) by letter to $110,339.25, 05/06/03. The amount was estimated before UAL's actual distributions became known, 06/10/03, when it became apparent that UAL, including a number of individuals lead by Durkin, administered EGS's PDAP improperly. Administration was not according to the direction of the applicable Qualified Domestic Relations Order (QDRO), the PDAP, the Employee Retirement Insurance Security Act (ERISA) and the United States Code (USC). All PDAP disbursements, except for the last (03/27/03), occurred ex parte, in defiance of formal rollover requests by EGS (02/18/02, 03/12/02 & 09/06/02) and in contempt of a Temporary Restraining Order (TRO): motion - 03/30/00, granted – 04/13/00 and dissolved (01/02/03). More individuals, notably Ballard, Hew, Musa, Torres and Vanderheiden were involved in the original claim denial process which culminated in the attached "Decision on Review"....... an unsigned document mailed by ALPA. This situation overlaps EGS's representation by ALPA, his 03/01/02 retirement and UAL's 12/09/02 bankruptcy.

1. Earnings appreciation on the original award was not calculated over the QDRO directed time period, 08/01/96 to that of actual segregation, 03/27/03, but from 08/01/96 to when the QDRO was deemed qualified by UAL (Durkin), 03/28/00.

2. Money market appreciation was calculated from 03/28/00 to 03/18/02.

3. The original award and appreciations were not segregated until 03/27/03 [by ERISA definition since there never was a separate account] creating the illusion that their total remained within the Participant's PDAP account as a discrete, fixed dollar entity belonging to the Alternate Payee. This administration mathematically guaranteed injury to one party or the other, depending on which way the market moved.

4. The attached claim shows that **$128,428.96** should have remained, as of 03/31/03, if the account had been properly administered.

5. Statutory appreciation of this claim from 03/31/03 through 09/30/05 is **$32,107.24** (10% / 12 months x 30 months) and **$1,070.24** monthly, thereafter.

## II. LAW AND ARGUMENT

A. Applicable Law. It is neither within Claimant's ability nor the scope of this claim to provide copies of formal law, precedent and opinion, but it is clear that administration of the PDAP is regulated by and subordinate to ERISA and USC, in that order. No order, QDRO or interpretation thereof, can require performance in contradiction with these.

How much interest accumulating on retirement benefits to which one may be entitled depends upon the terms of the parties' agreement. *Benson v. Benson (1998), No. 97-CA-0009, Ct. App. 2nd Dist. Clark Cty., OH, unreported.* In *Benson* the parties agreed that Wife would be entitled to a sum certain from Husband's 401(k) to be held for her "at current interest rates" and that all interest attributable to her share would accumulate to her benefit. Before Wife withdrew her share of the 401(k), Husband shrewdly invested the marital account in stock and enjoyed substantial growth in the account. When Wife demanded an accounting of the 401(k), a dispute arose with respect to the amount to which Wife was entitled. Holding that Wife was entitled to one-half of the balance with full appreciation the Court stated:

> "Because their agreement was made on valuable consideration, and a certain antagonism exists between these parties, [the parties] are presumed by law to have intended to create a form of trust, a 'resulting trust', in [Husband] for [Wife's] benefit. The purpose of such a trust is to prevent the holder of the legal title from wrongfully taking and enjoying the equitable interest of the other party in the property in question. Equity will remedy any unjust enrichment of the trustee in that circumstance because, otherwise, the result would be unconscionable." *Benson.*

Thus, the *Benson* Court provided a reasonable interpretation of the ambiguous language employed by the parties in their QDRO. However, if the parties had used more specific language which made the parties' intentions clear and unambiguous, the Court would have been bound to strictly enforce its terms.

B. Argument.

1. **Jurisdiction.** This matter is about UAL using the Bankruptcy Court to discard the crimes of embezzling and fraudulently transferring EGS's PDAP. The claim has been denied by UAL and is part of current litigation to terminate spousal support in The Cuyahoga County [Ohio] Court of Common Pleas – Division of Domestic Relations. Claimant's attempts at prosecution and self defense are being ignored by the Department of Labor (DOL), the Federal Bureau of Investigation (FBI), EGS's Congressman, Air Line Pilots Association (ALPA), and various local law enforcement agencies. Even if none of this is connected with a conspiracy to reduce wages by negotiating them into disappearing pensions, any argument which prevails in favor of a later or different venue would only defer accountability, fail to address crime and cause greater harm.

2. **The 09/20/04 Decision on Review** accurately describes trees without addressing the results of a forest fire. UAL used Claimant's Temporary Restraining Order (TRO) where it helped, mentioned its subordination when it did not and tried to limit the claim to a maximum of $59,999.32 on the basis of a settlement agreement which Durkin breached before it was signed. Although this advocacy is an excellent compilation of events, it failed to address the actual claim that segregation was not properly accomplished until 03/27/03. This established an illusion of Alternate Payee fixed ownership in the Participant's investment account and caused its percentage of total account value to change from less than half to more than all. UAL's administration was neither QDRO directed nor legally allowed.

3. **Common Sense and middle school math** prove that leaving one's fixed dollar retirement in the 401K investment account of another guarantees injury to one or the other, as market value goes up or down. In the up instance, appreciation on the fixed amount unfairly inures to the investment account (EGS gains); in the down instance, loss attributable to the fixed amount does likewise (EGS loses) and, in either instance, the administered appreciation comes from funds within the investment account (EGS loses). Since prevention of this situation is addressed in the QDRO, the PDAP, ERISA and USC, UAL's administration is too basically flawed to be explained by non-criminal arrogance, ignorance or incompetence.

4. There is no conscionable rationale for administration of **separate appreciation and segregation dates**. In this situation, the market went down so far that UAL's administration left EGS's PDAP account with an implausible negative balance, $2,957.81. Advocacy for this absurdity would have to address how such a liability is even conceptually possible before inventing a means of reconciling it.

5. UAL was advised on more than one occasion (listed in the attached SUMMARY COMPILATION) that this situation was unacceptable and illegal, so the continued failure to correct is one of commission rather than omission. This situation was and continues to be **willful**, as the number of culpable persons involved continues to grow.

6. According to USC 18(I)(31)(664), "Any person who **embezzles, steals or unlawfully and willfully abstracts or converts to his own use or to the use of another** [emphasis added], any of the moneys, funds, securities, premiums, credits, property, or other assets of any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith, shall be fined under this title or imprisoned not more than five years or both. As used in this section, the term 'any employee welfare benefit plan or employee pension benefit plan' means any employee benefit plan subject to any provision of title I of the Employee Retirement Income Security Act of 1974". This situation is **embezzlement**.

7. According to the Uniform Fraudulent Transfer Act, R.C. 1336.04(A)(2)(a)&(b), a **transfer made is fraudulent** as to the creditor if the debtor made the transfer without receiving a reasonably equivalent value in exchange and if the remaining assets of the debtor were unreasonably small in relation to the transaction or the debtor intended to incur debts beyond his ability to pay as they became due. This situation is a fraudulent transfer.

## III. CONCLUSION

Ministerial changes from the underlying Court order, arguments and complexity aside, the Court's 01/02/03 denial of all appeals validated the clear and unambiguous language of the never changed QDRO: **$169,923.00**, "....... **effective as of August 1, 1996** (or the closest valuation date thereto), plus any interest and investment earnings or losses attributable thereon for periods subsequent to **August 1, 1996**, until the date of total distribution."

There can be no argument as to the date of inception (divorce – 08/01/96) or the ERISA date of total distribution (segregation - 03/27/03), and therefore, the time period (08/01/96 - 03/27/03) over which this claim applies. There can also be no argument with the official PDAP statements which account for the exact investment additions, earnings and losses over the period.

The attachments document this amendment of the 05/05-06/03 proof of claim as briefed herein. Leaving criminal prosecutions to the discretion of the Court, paying EGS's claim and appreciation, **$160,536.20 (plus $1,070.24 monthly, after 09/30/05)**, corrects the unjust enrichment due to embezzling and fraudulently transferring pension benefits and causes no further harm.

State of Florida
County of Escambia

SIGNATURE (PLAINTIFF)
PRO SE
380 Fort Pickens Road
Pensacola Beach, FL 32561-2012
850-572-0853

SWORN TO AND SUBSCRIBED by Defendant before me this _3rd_ day of _October_, 2005.

Respectfully Submitted,

NOTARY PUBLIC

JUDITH A. MARTIN
MY COMMISSION # DD 215635
EXPIRES: September 25, 2007
Bonded Thru Notary Public Underwriters

### Filed by Certified, Next Day U. S. P. O. Mail to:

Poorman-Douglas Corporation
ATTN: UAL
POB 4390
Portland, OR 97208-4390

01/09/08

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    )    Chapter 11
                                          )
UAL CORPORATION, et al.,                  )    Case No. 02 B 48191
                                          )    (Jointly Administered)
              Reorganized Debtors.        )
                                          )    Honorable Eugene R. Wedoff
                                          )

## ORDER GRANTING ADDITIONAL RELIEF SOUGHT IN THE REORGANIZED DEBTORS' FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS RELATING TO THE CLAIM OF EDWARD SOUTHWORTH

Upon the above-captioned reorganized debtors (collectively, the "Reorganized Debtors") Fifty-Second Omnibus Objection[1] seeking entry of an order expunging Claims; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Plan; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and upon consideration of the Reorganized Debtors' Fifty-Second Omnibus Objection, Edward Southworth's responses, and the Reorganized Debtors' replies; and due and proper notice of the Reorganized Debtors' Fifty-Second Omnibus Objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore; it is HEREBY ORDERED:

1.    Claim No. 44704, filed by and on behalf of Edward Southworth is hereby reduced and allowed as a general, unsecured claim in the amount of $66,219.90.

---

[1]    All capitalized terms not defined herein shall have the meaning ascribed to them in the Fifty-Second Omnibus Objection.

2.     Poorman-Douglas, as the Reorganized Debtors' notice and claims agent, is hereby authorized and directed to update the Reorganized Debtors' Claims register to reflect the reduction and allowance of the claim as directed by this Order.

3.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

4.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Chicago, Illinois
Dated: ___April 9___, 2008

Eugene R. Wedoff
United States Bankruptcy Judge

2