IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E.G. SOUTHWORTH, | )<br>)<br>) Case No. 08-CV-3149 |
| Appellant. | ) The Honorable John W. Darrah<br>) |
| v. | )<br>) |
| | ) Appeal from Chapter 11 |
| UAL CORPORATION, et al., | ) Case No. 02 B 48191 |
| | ) The Honorable Eugene R. Wedoff |
| Appellees. | ) |

**REPLY IN SUPPORT OF UNITED'S MOTION TO DISMISS APPEAL**

Mr. Southworth's two-sentence response confirms that his notice of appeal from the Bankruptcy Court's Order was untimely. His appeal should be dismissed for lack of jurisdiction.

*First*, Mr. Southworth does not dispute that he had 10 calendar days from entry of the Bankruptcy Court's order to "file" his notice of appeal (*see* Fed. R. Bankr. P. 8001, 9006); his deadline was April 21, 2008. *See* United Br. at 1-3. Mr. Southworth also concedes, as he must, that his notice was not received by the bankruptcy court clerk and thus "filed" until, at the earliest, April 23, 2008. *See* United Br., Ex. C (identifying the "Filing Date" of Mr. Southworth's Notice as April 23, 2008, and the date of Docket Entry as April 24, 2008). These concessions are dispositive. *See In re Bond*, 254 F.3d 669, 673 (7th Cir. 2001) (reversing district court decision on the merits because the notice of appeal from the Bankruptcy Court's order was untimely filed) ("In order to perfect the appeal (and provide the district court with jurisdiction), the party must *file* a notice of appeal with the clerk of the bankruptcy court within 10 days of the bankruptcy court's decision.") (emphasis added); *In re United Air Lines, Inc.*, 337 B.R. 904, 918 (N.D. Ill. 2006) (Darrah, J) ("The time frames prescribed by Rule 8002(a) are conditions precedent that are mandatory and jurisdictional.").

Mr. Southworth appears to assert that he *mailed* his notice of appeal prior to the filing deadline, and, thus, that he was timely. Not so. It is well-settled that "[a] notice of appeal is filed as of the date it is actually received by the court, not as of the date it was mailed." *Matter of Arbuckle*, 988 F.2d 29, 31 (5th Cir. 1993); *Ludgood v. Apex Marine Corp.*, 311 F.3d 364, 367-68 (5th Cir. 2002) (same).[1] As the Seventh Circuit has held, a Notice of Appeal "mailed" before the deadline but received by the court clerk and filed after the deadline is untimely:

> [Appellant] apparently thought that filing is complete on mailing. It is not; under Rule 8002(a), papers required or permitted to be filed [may be filed] by mail addressed to the clerk, but they shall not be timely unless the papers are received by the clerk within the time fixed for filing.

*Matter of Maurice*, 69 F.3d 830, 832 (7th Cir. 1995) (internal citation omitted); *see generally* Collier on Bankruptcy § 8001.03[2] (15th ed. 2008) ("When delivery is to be effected by mail, the notice must be received by the clerk within the time allotted for filing"). Even if Mr. Southworth mailed his Notice of Appeal prior to the deadline, it was neither received by the court clerk nor filed until after the deadline. His appeal is thus jurisdictionally barred. Mr. Southworth chose "snail-mail" to file his notice of appeal and in so doing "assumed the risk of an untimely delivery and filing." *In re Scheids, Inc.*, 342 F. Supp. 290, 291 (E.D. Pa. 1972).[2]

---

[1]   *See also Matter of Bad Bubba Racing Prods., Inc.*, 609 F.2d 815 (5th Cir. 1980) ("[W]he have recognized the 'well-established principle' that the time limit for an appeal is jurisdictional and that deposit of notice in the mail is not equivalent to filing it."); *In re Ramsey*, 621 F.2d 1220, 1223 (9th Cir. 1990) (notice of appeal is filed when received by the clerk, not when mailed); *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989) (notice of appeal is "filed" when received by the clerk; if it is received after the deadline, the notice is untimely even if mailed well prior to the deadline); *Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1987) ("simply depositing the notice in the mail is not the same as filing it").

[2]   The document attached to Mr. Southworth's Opposition is unclear. It illustrates that Mr. Southworth sent something to the Clerk of Bankruptcy Court by certified mail on April 17, but does not say what was sent. In any event, Mr. Southworth's opposition shows that he deliberately chose the "snail mail" method of delivery (not an overnight carrier), and bore the risk that he would not meet the jurisdictional deadline.

***Second***, United agrees with Mr. Southworth that United did not file a Notice of Appeal. That is irrelevant, of course, because the present matter is merely ***United's attempt to dismiss Mr. Southworth's appeal***, not an attempt to appeal on its own. To put the matter in context for the Court, United had a clear rationale for not itself appealing: ***finality***. Since Mr. Southworth's divorce proceedings began some eight years ago, United has spent huge amounts of time, money, and resources working with the Ohio courts to divide Mr. Southworth's pension account between Mr. Southworth and his ex-wife. Enough is enough. Therefore, even though Mr. Southworth's claim was (and is) baseless in its entirety, United is not asking this Court to alter the Bankruptcy Court's Order in any way.[3] Mr. Southworth was awarded an unsecured claim of $66,219.90, and United is prepared to treat that claim as required by the Order: as an allowed unsecured claim. Here, all United seeks is the dismissal of Mr. Southworth's appeal—because his untimely filing deprived the Court of jurisdiction over it.

***Finally***, this is not a harsh result. To the contrary—Mr. Southworth has no real basis to complain, because he was warned that this could happen. Specifically, Judge Wedoff informed Mr. Southworth at an April 1, 2008, hearing that the Court would be entering the Order promptly, and that Mr. Southworth would have 10 days from to ***file*** a Notice of Appeal:

> THE COURT: What I would suggest, Mr. Southworth, is that you file a notice of appeal. You have only 10 days from the date of entry of the order that I'm making today. You have only 10 days to file that notice of appeal. . . . [I]f you let the 10 days go by, your right to appeal would be over.

---

[3] Mr. Southworth characterizes what happened here as "embezzlement." Mr. Southworth should choose his words more carefully. What happened here is very clear: United divided Mr. Southworth's pension account between he and his ex-wife, based on United's interpretation of various Ohio courts' orders and PDAP rules. To be clear, United received nothing—not a penny—for playing referee. Mr. Southworth's claim is that United gave too much to his wife, and should have left more for him. That is not "embezzlement" in any scenario.

3

*See* Exhibit A, 4/1/08 Hearing Transcript, at 7. Mr. Southworth failed to heed the Bankruptcy Court's advice, at his own peril. Because he did not timely file his notice of appeal, Mr. Southworth's appeal should be dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons stated in their Motion and further discussed herein, United respectfully requests that the Court dismiss this appeal for lack of jurisdiction.

Dated: June 10, 2008

Respectfully submitted,

United Air Lines, Inc.

By: /s/ Michael B. Slade
Michael B. Slade
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Attorney for United

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, and all attachments thereto, were served by overnight mail on the below recipients, this 10th day of June, 2008.

Edward Southworth

380 Fort Pickens Road

Gulf Breeze, FL  32561-2012


　　　　　　　　/s/    Michael B. Slade

# EXHIBIT A

```
             IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION



  In re:                        )
                                ) No. 02 B 48191
  UAL CORPORATION,              )
                                ) Chicago, Illinois
                                ) April 1, 2008
                    Debtor.     ) 10:00 a.m.


            TRANSCRIPT OF PROCEEDINGS BEFORE THE
                 HONORABLE EUGENE R. WEDOFF


APPEARANCES:

MR. ERIK CHALUT,
MR. ADAM GOLDSTEIN,
On behalf of United Air Lines;

MS. STEPHANIE BRENNAN,
(Telephonically)
on behalf of United Air Lines;

MR. JEFFREY TOMASEVICH,
MR. WALTER OETZELL,
MR. BRIAN OSLER,
(Telephonically)
on behalf of the City of Los Angeles;

MR. RICHARD DARST,
(Telephonically)
on behalf of Mark Sassman;



ALSO PRESENT:

Mr. Edward Southworth,
(Telephonically)
Pro se;

Mr. Richard Smith,
Pro se.
```

1          THE CLERK:  UAL Corporation, 02 B 48191,
2   with related cases and adversaries.
3          MR. CHALUT:  Good morning, Your Honor.
4   Erik Chalut on behalf of United Air Lines.
5          THE COURT:  Okay; and there are
6   appearances by telephone?
7          MS. BRENNAN:  (Telephonically) Yes.
8   Stephanie Brennan on behalf of United Air Lines.
9          MR. TOMASEVICH:  (Telephonically) Good
10  morning, Your Honor.  Jeffrey Tomasevich of Kaye,
11  Scholer on behalf of the City of Los Angeles.
12         THE COURT:  Okay.
13         MR. OSLER:  (Telephonically) Good
14  morning, Your Honor.  Brian Osler (phonetic) --
15         MR. OETZELL:  Good morning, Your Honor.
16  Walter Oetzell, Danning, Gill, Diamond and Kollitz
17  on behalf of the City of Los Angeles.
18         THE COURT:  The appearance before
19  Mr. Oetzell is not audible, if we could have that
20  repeated.
21         MR. OETZELL:  All right, Your Honor.
22  Walter Oetzell --
23         THE COURT:  No, no, before you,
24  Mr. Oetzell.  Whoever entered an appearance before
25  you was the one that was inaudible.

Page 3

1  MR. OSLER: Oh, I'm sorry. This is Brian
2  Osler, appearing on behalf of the City of Los
3  Angeles.
4  THE COURT: Okay. Thank you, Mr. Osler.
5  MR. DARST: (Telephonically) Good
6  morning, Your Honor. This is Richard Darst,
7  Indianapolis, attorney for Mark Sassman.
8  THE COURT: Okay.
9  MR. CHALUT: Good morning, Your Honor.
10  THE COURT: Let's just go through the
11  call. Did you want to give any kind of statement as
12  to --
13  MR. SOUTHWORTH: (phonetically) --
14  Southworth -- Florida.
15  THE COURT: No. We couldn't hear that.
16  MR. SOUTHWORTH: Good morning, Your
17  Honor. Ed Southworth from Pensacola, pro se.
18  THE COURT: Okay. Thank you,
19  Mr. Southworth.
20  MR. CHALUT: Your Honor, we don't have
21  anything additional --
22  THE COURT: Okay, fine.
23  MR. CHALUT: -- to say about the status
24  except for what we filed in our status report.
25  THE COURT: That's fine. The motion to

1    approve a release of restricted documents has not

2    been objected to.

3             MR. CHALUT:  No, Your Honor.  We did

4    coordinate with the clerk's office to make sure they

5    were comfortable with the form of the order and they

6    said that they were.

7             THE COURT:  Fine.  The motion is granted.

8    There is a duplicate motion here and the first one

9    will be withdrawn.

10            Going into the claim objections

11   then, the Forty-Fourth omnibus continues to have

12   only the Puerto Rico claim to be resolved and that's

13   being continued to May 7th.

14            MR. CHALUT:  That's correct.

15            THE COURT:  On the Fiftieth, there is

16   only the SPCP claim to be resolved.  That's also

17   being continued to May 7th.

18            On the Forty-Second,

19   Mr. Southworth's claim needs to be addressed.

20   Mr. Southworth, I understand you're on the phone.

21            MR. SOUTHWORTH:  Yes, Your Honor.

22            MR. CHALUT:  Your Honor, my colleague,

23   Stephanie Brennan, who's on the phone, can handle

24   this.

25            THE COURT:  Okay.  Well, I don't see this

1  as a particularly-complicated matter.  I had
2  continued this to allow for a calculation of what
3  would have happened had the funds remained in the
4  account rather than being paid out in the manner
5  that they were.  United has provided that
6  computation.  United's computation shows that there
7  would have been a loss of some 65 percent had the
8  funds remained in the account rather than being paid
9  out to the ex-spouse.
10            Accordingly, United has calculated
11 that the entire balance in the account, less the
12 sums that were paid pursuant to the interim
13 distribution that was agreed to by Mr. Southworth,
14 would have been available to Mr. Southworth, and
15 that's some $65,000.  There's an exact computation
16 set out by United.  That is the maximum amount that
17 Mr. Southworth could possibly have received, given
18 his agreement and release that was issued in
19 connection with the interim distribution.
20            Accordingly, Mr. Southworth, United
21 has essentially calculated the maximum amount that
22 you could have gotten given that interim
23 distribution.  And, although I didn't parse all of
24 your computations in detail, given that United has
25 essentially acknowledged a need under the ruling

Page 6

1　　that I made last time to pay the maximum amount
2　　possible to you, I am going to enter an order to
3　　that effect.  Now, obviously, that order depends on
4　　the agreement that you entered into in connection
5　　with the interim distribution being effective.  But
6　　as I discussed on the record last time, I see no
7　　reason why that would not be effective.  You were
8　　represented by counsel.  You signed the agreement
9　　that has the release in it.  United would not have
10　　made that interim distribution but for your release
11　　and your approval of the interim distribution.
12　　　　　　　　And so, for a number of reasons, I
13　　believe that agreement was effective and that the
14　　interim distribution has to be honored.  But the
15　　balance of the account is going to be ordered to be
16　　paid to you pursuant to the order that I'll be
17　　entering today and either you or United are free to
18　　appeal if you think that's an inaccurate result.  So
19　　what I would look for -- yes?
20　　　　　　　　MR. SOUTHWORTH:  Your Honor, is there
21　　some way that we can settle this at this level
22　　without an appeal?
23　　　　　　　　THE COURT:  Well --
24　　　　　　　　MR. SOUTHWORTH:  I have an objection to
25　　basing this statement on the 10-percent settlement

```
1    agreement which I would like to voice.
2              THE COURT:  What I would suggest,
3    Mr. Southworth, is that you file a notice of appeal.
4    You only have 10 days from the date of the entry of
5    the order that I'm making today.  You only have 10
6    days to file that notice of appeal.  Once you file
7    the notice of appeal, then you're free to engage in
8    settlement discussions.  But if you let the 10 days
9    go by, your right to appeal would be over.  So that
10   would be my suggestion.
11             MR. SOUTHWORTH:  I understand, Your
12   Honor, but could I object to the basis for using
13   this settlement agreement in the first place?  Money
14   was paid out before this was even signed.  And while
15   United was held harmless from making the payments,
16   it gave no judicial right to either party.
17             THE COURT:  Okay.  What I was suggesting
18   is that there is not, in my opinion, any reason to
19   delay the entry of the order that I'm going to enter
20   today based on the reasons that I've given on the
21   record.  But if you think there's a mistake, if you
22   think that I should not have given full effect to
23   the agreement that was entered into in connection
24   with the interim distribution, that would be a
25   potential ground for you to appeal the order that
```

1  I'm entering today.  And if you want to maintain
2  that position and preserve your right to argue that
3  point then, as I say, you need to file a notice of
4  appeal.
5           MR. SOUTHWORTH:  Thank you, Your Honor.
6           THE COURT:  And I'll look for a draft
7  order from United incorporating the figures that
8  were set forth in United's computation, and that
9  would be an allowed claim on behalf of
10 Mr. Southworth in that amount.
11          MR. CHALUT:  We'll do that, Your Honor.
12          THE COURT:  Okay.
13          MR. SOUTHWORTH:  Point of order, Your
14 Honor, do I have 10 days from when I receive this?
15          THE COURT:  You'll have 10 days from the
16 date that it's docketed.  And I would expect if your
17 attorney is receiving electronic notice -- you don't
18 have an attorney.  You're acting pro se.  You will
19 get a notice that reflects the entry of the order,
20 but the best thing for you to do is to be in touch
21 with United's counsel to find out when the order is
22 entered, or you can call my chambers to find out
23 when the order is docketed.  The phone number is 312
24 435-5645.  And that will get you to my courtroom
25 deputy, who will be happy to let you know when the

Page 9

```
1    order is docketed.
2              MR. SOUTHWORTH:  Thank you, Your Honor.
3              THE COURT:  Okay.  All right.
4              MR. CHALUT:  Your Honor --
5              THE COURT:  Draft order to follow by
6    Wednesday of next week at 9:30.
7              MR. CHALUT:  Yeah, that's --
8              THE COURT:  Next, then, is the
9    Fifty-Third omnibus objection.  And that involves
10   the claim of Miss Hutto.  I read United's reply, and
11   I see a big problem with that reply.
12             MR. CHALUT:  Your Honor, if I could just
13   add, Miss Brennan, on the phone, is going to handle
14   this.
15             THE COURT:  That's fine.
16                  Miss Brennan, let me address these
17   comments to you, then.
18             MS. BRENNAN:  Okay.
19             THE COURT:  The main thrust of United's
20   argument is that once Ms. Hutto received the
21   right-to-sue letter from the EEOC, she had 90 days
22   to institute judicial proceedings or lose her right
23   to pursue her claim.  The problem is, from reading
24   her deposition attached to the reply, her notice
25   from the EEOC was received during the time that
```