Case 1:08-cv-03149    Document 10    Filed 06/23/2008    Page 1 of 4



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 23 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| E. G. SOUTHWORTH, | EGS) | Case No. 08-CV-3149 |
| Appellant, | ) | The Honorable John W. Darrah |
| v. | ) | |
| | ) | Appeal from Chapter 11 |
| UAL CORPORATION, et al., | (UNITED) | Case No. 02 B 48191 |
| Appellees | ) | The Honorable Eugene R. Wedoff |

### REBUTTAL OF UNITED'S 06/10/08 REPLY

Pursuant to Local General Rule 83.16 Appellant's 06/14/08 appearance form is attached and submitted, herewith. It is noted that the Clerk's 06/04/08 conveyance of this form referred to the case numbers of This Court and that from the Bankruptcy Court as being 08C3149 and 92 B 48191, respectively. It is also noted that Appellant has yet to receive previously requested transcripts and a pagination of documents actually transmitted from the Bankruptcy Court.

If Judge Darrah rules that justice is best served by denial of the appeal on the basis of a technicality rather than substance, so be it. However, and regardless of any disposition of the appeal, United's subject reply cannot change the fact of felony embezzlement which is proved by the first penny of Judge Wedoff's 04/09/08 award.

Judge Wedoff ordered the amount of this award without knowledge of four (4), undocketted, praecipe identified filings, two (2) of which directly objected to and rebuttted United's use of a bogus settlement agreement rather than his own directed recalculation. As it stands, the award replaces only a small portion of Appellant's $300,000k + consequence of embezzled, PDAP pension funds with a presumably taxable distribution of diluted UAUA stock to a regular investment account. This remedy also affects other addressees:

1. IRS tax revenue is reduced by more than a $50,000.00,

2. DOL is exposed for not enforcing ERISA,

3. PBGC (according to DOL) is exposed for not enforcing ERISA,

1 of 4

4. Russell, UAL's PDAP investment firm, is exposed for not providing Judge Wedoff's directed recalculation and ignoring Appellant's four (4) previous rollover requests,

5. Two Senators and a Congressman are exposed for ignoring Appellant's repeated requests for assistance and/or oversight and

6. USAG is exposed for ignoring Appellant's requests for prosecution.

United's subject reply went beyond advocacy for dismissal to revision of the facts:

1. Appellant has made no concessions,

2. Appellant never claimed that "....... United gave too much to his wife, and should have left more for him." [UAL failed to segregate a QDRO account, created and distributed an award from Appellant's account three years later and ignored QDRO, PDAP, ERISA, IRC, USC and its own bogus settlement agreement in so doing],

3. United did not divide the PDAP based on "....... Ohio court's orders and PDAP rules.",

4. United's receipt of "....... Nothing --- not a penny --- for playing referee......." only documents United's unsolicited, contested, unmandated and illegal actions,

5. Appellant's claim was not baseless in its entirety, or there would have been no award and

6. Appellant's claim was docketed as a priority claim and should have be paid as such.

## HISTORY

The priority claim in this case is not about UAL's bankruptcy defaults on life insurance, medical, ESOP and fixed benefit (qualified and non-qualified) retirements. This is personal and begins with the Parties' (Appellant/Participant/EGS' and Alternate Payee/JAM's) divorce which involved division of their UAL Pilot Directed Account Plan (PDAP) retirement by a Domestic Relations Order (DRO) as of 08/01/96. Even prior to judicial definition of JAM's portion, $169,923.00, litigation evolved as to how it should be appreciated forward to its date of actual segregation or distribution from EGS's account. EGS maintained that it should be at the Ohio statutory rate of 10% applicable to the DRO, "upon which judgment shall issue." JAM contended that equity or market values should be applied and UAL insisted that PDAP procedures dictated money market rates. During this litigation UAL cited changed PDAP

procedures, 03/31/00, and unilaterally imposed an equity solution by accepting the formerly denied DRO as a Q[ualified]DRO. The total balance of the parties' 03/31/00 PDAP account was $622,287.09, including EGS's pre-tax employer contributions of $5,612.39 since the 08/01/96 divorce. Although the PDAP, ERISA and IRC all mandate valuation and segregation of the parties' accounts on the date of QDRO acceptance [or failing that, on the date (or final of a number of dates) of actual distribution], UAL did neither.

Three litigious years later, UAL made four (4) distributions totaling $326,283.06 from EGS's account, the last of which closest to his 03/31/03 PDAP statement valuation date. Two (2) of these distributions pre-dated a bogus 05/02/02 limited settlement agreement between UAL and the parties and three (3) of them preceded the Ohio Appeals Court 01/02/03 affirmation of equity appreciation. UAL ignored four (4) formal rollover requests (two of them prior to any distributions) and a 3-way settlement offer, left $10.57 in EGS' account and established that JAM was still owed $2,957.81. UAL's own 02/22/08 reply confirms that the $329,240.57 paid and owed to JAM closely approximates an equity appreciation of the $169,923.00 QDRO amount from 08/01/96 to 03/31/00 [$298,452.76 by Judge Wedoff's 02/27/08 recalculation order] and application of money market rates thereafter to 03/31/03.

UAL's apparent bankruptcy default on its appreciated remaining obligation to JAM aside, its 03/31/00 failure to segregate the parties' accounts denied all of her discretionary rights and prevented EGS's remainder, $323,834.33, from being separately appreciated according to his investment decisions, market fluctuations and additional pre-tax contributions of $79,619.00. UAL has defended its willful progression of documented error throughout claim, denial, appeal, denial and further bankruptcy claim, objection, response, reply, recalculation and resultant order. UAL's conduct involves breach of fiduciary obligation regarding both EGS and JAM and felony embezzlement of EGS's retirement account. It also includes subordination of QDRO, PDAP, ERISA and IRC mandates to the bogus limited settlement agreement which was breached by distributions before it was signed and misrepresented to the Bankruptcy Court as a limiter of rights and the claim amount appealed.

EGS's original claim of $128,428.96 was based on application of QDRO, PDAP, ERISA and IRC guidance as of 03/31/03, the nearest PDAP monthly statement valuation to the last of UAL's distributions. The Court directed recalculation of EGS' 03/31/00 remainder (total, minus JAM's agreed $298,452.76 portion) yields a 03/31/03 value of $214,201.43. Judge Wedoff's Order directed $66,219.90, based on United's misrepresentation of the bogus limited settlement agreement rather than on the merits of either claim. Lost use appreciation of these amounts at 10% APR produces 03/31/08 awards of $192,643.44, $321,302.15 or $66,219.90, respectively.

I want my retirement restored and the felons who embezzled it prosecuted.

Respectfully submitted,

E. G. Southworth
380 Fort Pickens Road, Pensacola Beach, FL 32561
850-572-0853 pro se

7007 0710 0002 4130 1302

### Served 06/16/08 by USPO Certified (*regular mail and w/o attachment) to:

Clerk of THE U. S. STATES DISTRCT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
    219 South Dearborn Street, Chicago, IL 60604
*Attorney for United, Michael B. Slade, KIRKLAND & ELLIS LLP, 200 East Randolph Drive,
    Chicago, IL 60601 [fax 312-861-2200]
*IRS, Atlanta Service Center, Atlanta, GA 39901-0025
*Julie Ann McKenzie, 206 Vista Circle, North Olmsted, OH 44070
*Office of the U. S. Trustee (Attn: Wolfe), 227 West Monroe Street, Suite 3350, Chicago, IL 60606
*PBGC, POB 151750, Alexandria, VA 22315-1750
*Representative Jeff Miller (R-FL), 1535 Longworth House Office Building, Washington, DC 20515
*Senator Mel Martinez (R-FL), 317 Hart Senate Office Building, Washington, DC 20510
*Senator Bill Nelson (D-FL), 716 Hart Senate Office Building, Washington, DC 20510
*UAL PDAP Representative (Russell), 100 Half Day Road, POB 1476, Lincolnshire, IL 60069-1476
*UAL WHQLD (Attn: John Lakosil), 1200 East Algonquin Road, Elk Grove, IL 60007
*United States Attorney General (USAG), 950 Pennsylvania Avenue NW, Washington, DC 20530-0001
*United States Department of Labor, Employee Benefits Security Administration (DOL),
    200 Constitution Avenue, N. E. – Suite N-5702, Washington, DC 20210

E. G. Southworth