IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUL 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| E. G. SOUTHWORTH, | EGS) | Case No. 08-CV-3149 |
| Appellant/Plaintiff | ) | The Honorable John W. Darrah |
| v. | ) | |
| | ) | Appeal from Chapter 11 |
| UAL CORPORATION, et al., (UNITED) | Case No. 02 B 48191 |
| Appellee/Defendant | ) | The Honorable Eugene R. Wedoff |

## APPELLANT'S APPEARANCE FORM RESUBMISSION,

## REQUEST FOR TELEPHONIC STATUS HEARING APPEARANCE

## AND RESPONSE TO UNITED'S MOTION TO DISMISS

### ADMINISTRATIVE MINUTES

1. RE: United's 06/18/08 Notice of 56th Omnibus Objection - Subject claim status is in error.

2. The Clerk's (06/04/08) conveyed APPEARANCE FORM (blank) erred in referring to the appeal and bankruptcy case numbers as being 08C3149 and 92B 8191, respectively.

3. RE: United's 06/04/08 MOTION TO DISMISS - Appellant's undocketted (06/09/08 Express Mail receipt) RESPONSE and United's 06/10/08 REPLY were vacated 06/11/08. Therefore, Appellant's undocketted (06/23/08 Certified Mail receipt) REBUTTAL OF UNITED'S 06/10/08 REPLY spoke to the vacuum of the vacated REPLY and did not transmit his **APPEARANCE FORM, a corrected copy of which is <u>attached</u>, herewith.**

4. Appellant has yet to receive previously requested transcripts and a pagination of documents.

5. No disposition of this case can change the fact of United's embezzlement which was proved, res judicata, by the first penny of Judge Wedoff's award. See <u>attached</u> list of potential felons.

**TELEPHONIC APPEARANCE is requested for the 09/04/08 set STATUS HEARING**

## RESPONSE

If subject appeal was untimely, and This Court is neither empowered nor inclined to intercede on the basis of merit, the Appellant's cost of using certified rather than express mail would be over $300,000.00. Appeal of Judge Wedoff's remedy would be without jurisdiction and IRS revenue would be decreased by more than $50,000.00. United would mostly escape replacement of the embezzled retirement funds and face felony prosecution only if the non-party addressees start doing their jobs. Please review the **attached** history before deciding what constitutes justice for all.

United's MOTION TO DISMISS should be denied and the list of potential felons prosecuted.

Respectfully submitted,

*E. V. Southworth*

E. G. Southworth
380 Fort Pickens Road
Pensacola Beach, FL 32561
(850-572-0853)
pro se

EB 877439794 US

Served 06/28/08 by USPO Regular (*Express) Mail to:
*Clerk of THE U. S. STATES DISTRCT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
    219 South Dearborn Street, Chicago, IL 60604
Attorney for United, Michael B. Slade, KIRKLAND & ELLIS LLP, 200 East Randolph Drive,
    Chicago, IL 60601 [fax 312-861-2200]
IRS, Atlanta Service Center, Atlanta, GA 39901-0025
Julie Ann McKenzie, 206 Vista Circle, North Olmsted, OH 44070
PBGC, POB 151750, Alexandria, VA 22315-1750
Representative Jeff Miller (R-FL), 1535 Longworth House Office Building, Washington, DC 20515
Senator Mel Martinez (R-FL), 317 Hart Senate Office Building, Washington, DC 20510
Senator Bill Nelson (D-FL), 716 Hart Senate Office Building, Washington, DC 20510
UAL PDAP Representative (Russell), 100 Half Day Road, POB 1476, Lincolnshire, IL 60069-1476
UAL WHQLD (Attn: John Lakosil), 1200 East Algonquin Road, Elk Grove, IL 60007
United States Attorney General (USAG), 950 Pennsylvania Avenue NW, Washington, DC 20530-0001
United States Department of Labor, Employee Benefits Security Administration (DOL),
    200 Constitution Avenue, N. E. – Suite N-5702, Washington, DC 20210

*E. V. Southworth*
E. G. Southworth

## APPEARANCE FORM FOR PRO SE LITIGANTS
## DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Information entered on this form is required for any person filing a case in this court as a pro se party (that is, without an attorney).

NAME: _EDWARD GORDON SOUTHWORTH_
(Please print)

STREET ADDRESS: _380 Fort Pickens Road_

CITY/STATE/ZIP: _Pensacola Beach, FL 32561_

PHONE NUMBER: _850-572-0853_

CASE NUMBER: _08C3149 (02 B 48191)_
_08CV-3149 (02 B 48191)_

_[signature]_  _06/14/08_
Signature  Date

ATTACHED TO 06/28/08

LIST OF POTENTIAL FELONS FOR PROSECUTION

Primary personal responsibility for United's embezzlement of Appellant's PDAP belongs to Marian Durkin. Left to competent authority is the task of auditing the rest of this list to exclude minor players (i.e. Peterman, who only signed for receipt of certified mail) and to include other past superiors and present United officers complicit to date:

    Khris _____ (CSR w/UAL PDAP)
    Tom/Scott _____ ("Tom – Please freeze this guy's PDAP and Pilots'
        Fixed Plan Benefits - Scott 09/26/94")
    Mike Ballard (ALPA member of the Pilot Pension Board)
    Eric Bean (PFPC – Record Keeper for PDAP)
    Patricia Chaplinski (Manager of Pension Plans)
    Marian M. Durkin (Previous UAL – WHQLD)
    Marge Evert (UAL Legal Assistant)
    Douglas A. Hacker (Senior Vice President and Chief Financial Officer)
    Jill Hendrickson McEntee (FRTC)
    Cliff Hew (Chairman / member of the Pilot Pension Board and UAL – WHQTE,
        Manager – Pensions Programs)
    Elizabeth Hiszczynski (UAL – WHQTE / Staff Representative – Pension Programs)
    Cynthia M. Leon (Representative – Defined Contributions)
    Marge Metzel (WHQIN / Law Department)
    Craig Musa (Manager – Pension Programs)
    _____ Peterman (Certified mail recipient and signee for United)
    PFPC
    Sheryl Swanberg (Frank Russell TTEE)
    Marty Torres (ALPA member / Chairman of the Pilot Pension Board)
    United (past and present)
    Chuck Vanderheiden (member of the Pilot Pension Board

Attached to 06/28/08

## HISTORY

The priority claim in this case is not about the Parties' (Appellant/Participant/EGS' and Alternate Payee/JAM's) divorce or United's bankruptcy defaults on Appellant's life insurance, medical, ESOP and fixed benefit (qualified and non-qualified) retirements. This is about United's administration of the Parties' Pilot Directed Account Plan (PDAP) retirement in response to a Domestic Relations Order (DRO). Even prior to the 08/01/96 judicial definition of JAM's portion, $169,923.00, litigation evolved over how it should be appreciated forward to its date of segregation or distribution from EGS's account. EGS maintained that it should be at the Ohio statutory rate of 10% applicable to the DRO, "upon which judgment shall issue." JAM contended that equity or market values should be applied and United insisted that PDAP procedures dictated money market rates. During this litigation United cited changed PDAP procedures and unilaterally imposed a 03/31/00 equity solution by accepting the formerly denied DRO as a Q[ualified]DRO. The total balance of the parties' 03/31/00 PDAP account was $622,287.09, including EGS's post-divorce, pre-tax, employer contributions of $5,612.39. Although the PDAP, ERISA and IRC all mandate valuation and segregation of the parties' accounts on the date of QDRO acceptance [or failing that, on the date (or final of a number of dates) of actual distribution], United did neither.

Three litigious years later, United used a 03/31/00 valuation, retroactively, and made four (4) distributions totaling $326,283.06 from EGS's account, the last of which closest to his 03/31/03 PDAP statement valuation date. Two (2) of these distributions pre-dated a bogus 05/02/02 limited settlement agreement between United and the parties and three (3) of them preceded the Ohio Appeals Court 01/02/03 affirmation of equity appreciation. United disregarded Appellant's four (4) formal rollover requests (two of them prior to any distributions), ignored his 3-way settlement offer, left $10.57 in his account and established that the Alternate Payee was still owed $2,957.81. In addition to this retroactive theft, United ignored its failure to segregate separate accounts and paid JAM's 03/31/00 to 03/31/03 appreciation from EGS's account as well. Two asides during this period are worthy of mention:

1. United dropped its vacuous, three-way position that segregation was somehow accomplished, not required and prevented by a County Court Temporary Restraining Order (TRO). Even if

1 of 3

Attached to 06/28/08

  the TRO did not [it did] specifically offer an alternative to non-segregation, it could not legally trump the supremacy of PDAP, ERISA, IRC and USC mandates to segregate.

2. The limited settlement agreement held UAL harmless for making payments based on 10% appreciation, but specifically did not prejudice the future rights of either party to litigate the amount and certainly did not license UAL's failure to segregate or its funding of JAM's post 03/31/00 appreciation from EGS' account. Even if the agreement was not breached by United's equity distributions before it was signed, it could not legally trump the supremacy of QDRO, PDAP, ERISA, IRC and USC mandates.

United's apparent bankruptcy default on its appreciated remaining obligation to JAM aside, its 03/31/00 failure to segregate the parties' accounts denied all of her discretionary rights and prevented EGS's remainder, $323,834.33, from being separately appreciated according to his investment decisions, market fluctuations and additional pre-tax contributions of $79,619.00. United has defended its willful progression of documented error throughout claim, denial, appeal, denial and further bankruptcy claim, objection, response, reply, recalculation and resultant order. United's actions constitute breach of fiduciary obligation regarding both EGS and JAM and felony embezzlement of EGS's retirement account.

  EGS's original claim of $128,428.96 was based on application of QDRO, PDAP, ERISA and IRC guidance as of 03/31/03, the nearest PDAP monthly statement valuation to the last of United's distributions. The Court directed recalculation of EGS' 03/31/00 remainder (total, minus JAM's agreed $298,452.76 portion) yielded a 03/31/03 value of $214,201.43. Judge Wedoff's Order directed $66,219.90, based on United's misrepresentation of the bogus settlement agreement as a limiter of rights and the claim amount rather than on the merits of either the original or recalculated claim. Judge Wedoff ordered the amount of this award without knowledge of four (4), undocketted, praecipe identified filings, two (2) of which directly objected to and rebutted United's use of the bogus settlement agreement instead of the directed recalculation. Lost use appreciation of these amounts at 10% APR produces 03/31/08 awards of $192,643.44, $321,302.15 and $66,219.90, respectively.

Attached to 06/28/08

Exhibit 1 to United's 11/16/05 <u>Notice of Filing of Debtors' Reply in Support of the Debtors' Thirty-Second Omnibus Objections to Claims</u> documented Appellant's claim as being "**Resolved.** The parties have agreed that Claim No. 31296 will be expunged and Claim No. 44704 will survive as a superseding and amending claim with priority status in the amount of $160,536.20 [$128,428.96 original claim appreciated @ 10%]." Had this agreement been executed, Judge Wedoff's directed $321,302.15 recalculated award, United's misrepresented $66,219.90 limitation to it, the attached list of potential felons for prosecution (relevant only to non-party addressees) and this appeal would not exist.

Justice has remedied a felony embezzlement of pre-tax, retirement dollars with a taxable, unsecured creditor payment of less than a dime on each dollar of Judge Wedoff's 04/09/08 award.

Attached to 06/28/08