IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E.G. SOUTHWORTH, | ) |
|     Appellant, | ) Case No. 08-CV-3149 |
| | ) The Honorable John W. Darrah |
| v. | ) |
| | ) Appeal from Chapter 11 |
| UAL CORPORATION, et al., | ) Case No. 02 B 48191 |
| | ) The Honorable Eugene R. Wedoff |
|     Appellees. | ) |

**REPLY IN SUPPORT OF UNITED'S MOTION TO DISMISS APPEAL**

Mr. Southworth has filed two documents in response to United's motion to dismiss his appeal as untimely: (1) a "Rebuttal of United's 6/10/08 Reply" (Docket No. 10); and (2) an "Appearance Form Resubmission, Request For Telephonic Hearing Appearance, and Response to United's Motion to Dismiss" (Docket No. 11). Unfortunately, neither of these documents attempts to rebut the argument made in United's motion—that Mr. Southworth did not file a timely notice of appeal from the Bankruptcy Court's Order and, therefore, this Court lacks jurisdiction to consider this appeal. Mr. Southworth ignores the issue because he has no defense. As a matter of hornbook law, this appeal <u>must</u> be dismissed for lack of jurisdiction.

Mr. Southworth does not dispute any of the underlying facts. *First*, because Mr. Southworth had 10 calendar days from entry of the Bankruptcy Court's order to "file" his notice of appeal (*see* Fed. R. Bankr. P. 8001, 9006), his deadline was April 21, 2008. *See* Docket No. 5, United Br. at 1-3. *Second*, Mr. Southworth's notice of appeal was not received by the bankruptcy court clerk and "filed" until, at the earliest, April 23, 2008. *See* Docket No. 5, United Br., Ex. C (identifying the "Filing Date" of Mr. Southworth's Notice as April 23, 2008, and the date of Docket Entry as April 24, 2008). Under binding Seventh Circuit authority, these

concessions are dispositive. *In re Bond*, 254 F.3d 669, 673 (7th Cir. 2001) (reversing district court decision on the merits because the notice of appeal from the Bankruptcy Court was untimely filed) ("In order to perfect the appeal (and provide the district court with jurisdiction), the party must file a notice of appeal with the clerk of the bankruptcy court within 10 days of the bankruptcy court's decision."); *In re United Air Lines, Inc.*, 337 B.R. 904, 918 (N.D. Ill. 2006) (Darrah, J.) ("The time frames prescribed by Rule 8002(a) are conditions precedent that are mandatory and jurisdictional.").

Mr. Southworth initially asserted that he *mailed* his notice of appeal prior to the filing deadline, and, thus, that his notice was timely. Not so. It is well-settled that "[a] notice of appeal is filed as of the date it is actually received by the court, not as of the date it was mailed." *Matter of Arbuckle*, 988 F.2d 29, 31 (5th Cir. 1993). In fact, the Seventh Circuit has specifically rejected Mr. Southworth's argument, holding that a Notice of Appeal "mailed" before the deadline but received by the court clerk and filed *after* the deadline (like Mr. Southworth's Notice here) is untimely:

> [Appellant] apparently thought that filing is complete on mailing. It is not; under Rule 8002(a), papers required or permitted to be filed [may be filed] by mail addressed to the clerk, but they shall not be timely unless the papers are received by the clerk within the time fixed for filing.

*Matter of Maurice*, 69 F.3d 830, 832 (7th Cir. 1995) (internal citation omitted).[1] Therefore, even if Mr. Southworth did mail his Notice of Appeal prior to the deadline, it was neither received by the court clerk nor filed until after the deadline. His appeal is thus jurisdictionally barred.

---

[1] *See also Matter of Bad Bubba Racing Prods., Inc.*, 609 F.2d 815 (5th Cir. 1980) ("[W]e have recognized the 'well-established principle' that the time limit for an appeal is jurisdictional and that deposit of notice in the mail is not equivalent to filing it."); *Ludgood v. Apex Marine Corp.*, 311 F.3d 364, 367 (5th Cir. 2002) (same); *In re Ramsey*, 621 F.2d 1220, 1223 (9th Cir. 1990) (same); *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989) (same); *Haney v. Mizell Mem. Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1987) ("simply depositing the notice in the mail is not the same as filing it").

Mr. Southworth concedes all of this. Rather than explain why this Court has jurisdiction over his appeal, Mr. Southworth characterizes United's argument as "a technicality rather than substance" (Docket No. 10, at 1), and argues that the Court must have the ability to "intercede on the basis of merit" (Docket No. 11 at 2). Mr. Southworth is wrong on both accounts. As a threshold matter, jurisdiction is not a "technicality"—it is a dispositive issue of law that cannot be avoided or circumvented. In any event, even if the alleged "merit" of a particular appeal could overcome the Court's lack of jurisdiction (which it cannot), this is most certainly not the case where such an exception would apply. Mr. Southworth was awarded an unsecured claim against United's bankruptcy estate of $66,219. He is entitled to nothing more.

Indeed, while the facts underlying Mr. Southworth's claim are irrelevant, United must respond to the scandalous allegation that United's conduct here constituted "embezzlement." Nothing could be further from the truth. What happened here is clear: United divided Mr. Southworth's pension account between Mr. Southworth and his ex-wife, based on United's interpretation of various Ohio courts' orders and PDAP rules. To be clear, *United received nothing—not a penny—for playing referee.* Mr. Southworth's claim is that United gave too much to his wife, and should have left more for him. That is not "embezzlement" in any scenario. Accordingly, Mr. Southworth's refrain that United is somehow guilty of a "felony" and that various people affiliated with the company should be "prosecuted" (Docket No. 10 at 4; Docket No. 11 at 4) is the height of hyperbole. Mr. Southworth's factual "history" is entirely irrelevant to United's motion, but it is also plainly false.

The time to end this matter is now. Mr. Southworth's divorce proceedings began some eight years ago, and United has spent huge amounts of time, money, and resources working with the Ohio courts to divide Mr. Southworth's pension account between Mr. Southworth and his ex-wife, and addressing his proof of claim in United's bankruptcy case. Enough is enough. That is precisely why, even though Mr. Southworth's claim is baseless in its entirety, United is not asking this Court to alter the Bankruptcy Court's Order in any way. Mr. Southworth was awarded an unsecured claim of $66,219.90, and United is prepared to treat that claim as required by the Order. Here, all United seeks is the dismissal of Mr. Southworth's appeal—because his untimely filing deprived this Court of jurisdiction over it.

Finally, despite Mr. Southworth's plea,[2] this is not a harsh result. To the contrary—Mr. Southworth has no real basis to complain, because he was warned that this could happen. Specifically, Judge Wedoff informed Mr. Southworth at an April 1, 2008, hearing that the Court would be entering the Order promptly, and that Mr. Southworth would have 10 days from entry of the order to *file* a Notice of Appeal:

> THE COURT: What I would suggest, Mr. Southworth, is that you file a notice of appeal. You have only 10 days from the date of entry of the order that I'm making today. You have only 10 days to file that notice of appeal. . . . [I]f you let the 10 days go by, your right to appeal would be over.

See Exhibit A, 4/1/08 Hearing Transcript, at 7. Mr. Southworth failed to heed the Bankruptcy Court's advice, at his own peril. Because he did not timely file his notice of appeal, Mr. Southworth's appeal should be dismissed for lack of jurisdiction.

---

[2] Mr. Southworth claims that because the jurisdictional rules bar his claim, the result is that his "cost of using certified rather than express mail would be over $300,000." Docket No. 11, at 2. This is hardly the case because under no circumstances could Mr. Southworth ever recover anything approaching $300,000. Regardless, Mr. Southworth chose to use "snail mail" and in so doing "assumed the risk of an untimely delivery and filing." *In re Scheids, Inc.*, 342 F. Supp. 290, 291 (E.D. Pa. 1972).

4

## CONCLUSION

For the reasons stated in its Motion and further discussed herein, United respectfully requests that the Court dismiss this appeal.

Dated: July 23, 2008

Respectfully submitted,

United Air Lines, Inc.

By: __/s/   Michael B. Slade__
Michael B. Slade
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

*Attorney for United Air Lines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, and all attachments thereto, were served by overnight mail on the below recipients, this 23th day of July, 2008.

>Edward Southworth
>380 Fort Pickens Road
>Gulf Breeze, FL  32561-2012

>\_\_\_/s/\_\_\_Michael B. Slade

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )
                                    ) No. 02 B 48191
UAL CORPORATION,                    )
                                    ) Chicago, Illinois
                                    ) April 1, 2008
            Debtor.                 ) 10:00 a.m.

TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE EUGENE R. WEDOFF

APPEARANCES:

MR. ERIK CHALUT,
MR. ADAM GOLDSTEIN,
On behalf of United Air Lines;

MS. STEPHANIE BRENNAN,
(Telephonically)
on behalf of United Air Lines;

MR. JEFFREY TOMASEVICH,
MR. WALTER OETZELL,
MR. BRIAN OSLER,
(Telephonically)
on behalf of the City of Los Angeles;

MR. RICHARD DARST,
(Telephonically)
on behalf of Mark Sassman;


ALSO PRESENT:

Mr. Edward Southworth,
(Telephonically)
Pro se;

Mr. Richard Smith,
Pro se.

Page 7

1   agreement which I would like to voice.
2           THE COURT: What I would suggest,
3   Mr. Southworth, is that you file a notice of appeal.
4   You only have 10 days from the date of the entry of
5   the order that I'm making today. You only have 10
6   days to file that notice of appeal. Once you file
7   the notice of appeal, then you're free to engage in
8   settlement discussions. But if you let the 10 days
9   go by, your right to appeal would be over. So that
10  would be my suggestion.
11          MR. SOUTHWORTH: I understand, Your
12  Honor, but could I object to the basis for using
13  this settlement agreement in the first place? Money
14  was paid out before this was even signed. And while
15  United was held harmless from making the payments,
16  it gave no judicial right to either party.
17          THE COURT: Okay. What I was suggesting
18  is that there is not, in my opinion, any reason to
19  delay the entry of the order that I'm going to enter
20  today based on the reasons that I've given on the
21  record. But if you think there's a mistake, if you
22  think that I should not have given full effect to
23  the agreement that was entered into in connection
24  with the interim distribution, that would be a
25  potential ground for you to appeal the order that

Page 8

```
 1    I'm entering today.  And if you want to maintain
 2    that position and preserve your right to argue that
 3    point then, as I say, you need to file a notice of
 4    appeal.
 5              MR. SOUTHWORTH:  Thank you, Your Honor.
 6              THE COURT:  And I'll look for a draft
 7    order from United incorporating the figures that
 8    were set forth in United's computation, and that
 9    would be an allowed claim on behalf of
10    Mr. Southworth in that amount.
11              MR. CHALUT:  We'll do that, Your Honor.
12              THE COURT:  Okay.
13              MR. SOUTHWORTH:  Point of order, Your
14    Honor, do I have 10 days from when I receive this?
15              THE COURT:  You'll have 10 days from the
16    date that it's docketed.  And I would expect if your
17    attorney is receiving electronic notice -- you don't
18    have an attorney.  You're acting pro se.  You will
19    get a notice that reflects the entry of the order,
20    but the best thing for you to do is to be in touch
21    with United's counsel to find out when the order is
22    entered, or you can call my chambers to find out
23    when the order is docketed.  The phone number is 312
24    435-5645.  And that will get you to my courtroom
25    deputy, who will be happy to let you know when the
```

1    order is docketed.
2             MR. SOUTHWORTH:  Thank you, Your Honor.
3             THE COURT:  Okay.  All right.
4             MR. CHALUT:  Your Honor --
5             THE COURT:  Draft order to follow by
6    Wednesday of next week at 9:30.
7             MR. CHALUT:  Yeah, that's --
8             THE COURT:  Next, then, is the
9    Fifty-Third omnibus objection.  And that involves
10   the claim of Miss Hutto.  I read United's reply, and
11   I see a big problem with that reply.
12            MR. CHALUT:  Your Honor, if I could just
13   add, Miss Brennan, on the phone, is going to handle
14   this.
15            THE COURT:  That's fine.
16            Miss Brennan, let me address these
17   comments to you, then.
18            MS. BRENNAN:  Okay.
19            THE COURT:  The main thrust of United's
20   argument is that once Ms. Hutto received the
21   right-to-sue letter from the EEOC, she had 90 days
22   to institute judicial proceedings or lose her right
23   to pursue her claim.  The problem is, from reading
24   her deposition attached to the reply, her notice
25   from the EEOC was received during the time that